■ ANA CRUZ, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [795 NYS2d 589]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered April 13, 2004, granting defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, the motion denied and the complaint reinstated.

Plaintiff allegedly sustained injuries when she tripped and fell over a raised corner of sidewalk near a metal grating owned by defendant Transit Authority. She claims that the defective sidewalk condition was within 12 inches of the grating. Defendant concedes that it maintains the grating but not the abutting sidewalk at issue, except for a 12-inch area around the metal grating. The Highway Rules (34 RCNY ch 2) governing underground street access covers, transformer vault covers and gratings (§ 2-07 [b] [1]) provide: "The owners of covers or gratings on a street are responsible for monitoring the condition of the covers and gratings and the area extending twelve inches

outward from the perimeter of the hardware." In granting defendant summary judgment, Supreme Court erred in holding that this section did not apply to sidewalk subway gratings owned by the Transit Authority (*see Huerta v New York City Tr. Auth.*, 290 AD2d 33 [2001], *appeal dismissed* 98 NY2d 643 [2002]). Notably, 34 RCNY 2-01 expressly defines the term "street" as including a "sidewalk." As the photographs in the record clearly depict, the defective area is, at least in part, inside the 12-inch area that is within defendant's zone of responsibility. Furthermore, the record demonstrates the existence of a question of fact as to whether defendant had constructive notice of the defect. Summary judgment was inappropriate. Concur— Mazzarelli, J.P., Sullivan, Ellerin, Gonzalez and Sweeny, JJ.