■ LIZZETTE FIGUEROA, Respondent, v CITY OF NEW YORK, Respondent, KEYSPAN ENERGY DELIVERY, Appellant, et al., Defendant. [810 NYS2d 350]—

In an action to recover damages for personal injuries, the defendant Keyspan Energy Delivery appeals from an order of the Supreme Court, Queens County (Elliot, J.), dated January 27, 2005, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff allegedly was injured when she tripped and fell on a defective portion of a public roadway directly adjacent to a sidewalk curb. She commenced this action against, among others, Keyspan Energy Delivery (hereinafter Keyspan), which had performed extensive construction work on the roadway and sidewalk in close proximity to the site of the accident on numerous occasions.

Keyspan moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the ground, inter alia, that there was no evidence that it performed construction work at the precise location of the dangerous condition. The Supreme Court denied Keyspan's motion. We affirm.

Keyspan established its prima facie entitlement to judgment as a matter of law, thereby shifting the burden to the plaintiff to come forward with evidence sufficient to raise a triable issue of fact (*see Palone v City of New York,* 5 AD3d 750 [2004]; *Diaz v Vieni,* 303 AD2d 713 [2003]; *Breheny v City of New York,* 299 AD2d 385 [2002]). In opposition to Keyspan's motion, the plaintiff and the defendant City of New York submitted evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). Accordingly, the Supreme Court properly denied Keyspan's motion for summary judgment. Adams, J.P., Ritter, Santucci and Lifson, JJ., concur.