■ JOANNE MARCHETTI, Appellant, v ALLSTATE CONVEYOR SERVICE, INC., Respondent, et al., Defendants. [888 NYS2d 597]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated May 7, 2008, as granted that

branch of the motion of the defendant Allstate Conveyor Service, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

Generally, the breach of a contractual obligation to maintain and inspect building premises is not sufficient in and of itself to impose tort liability upon the promisor with respect to noncontracting third parties (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 139 [2002]; *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 589 [1994]; *Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220, 226 [1990]). The Court of Appeals, however, has recognized three situations in which a party such as the defendant may be said to have assumed a duty of care, and thus potentially may be liable in tort to third persons such as the injured plaintiff: (1) where the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties; and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 140; *see also Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253, 256-257 [2007]; *Church v Callanan Indus.*, 99 NY2d 104 [2002]).

Here, the defendant demonstrated its prima facie entitlement to judgment as a matter of law by submitting evidence that it did not owe a duty of care to the plaintiff under its contract to perform quarterly inspections, and that none of the exceptions set forth in *Espinal* were applicable (*see Conte v Servisair/ Globeground*, 63 AD3d 981 [2009]; *Roach v AVR Realty Co., LLC,* 41 AD3d 821, 823-824 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Rivera, J.P., Fisher, Belen and Austin, JJ., concur.