■ AGNES HURLEY, Respondent, v RELATED MANAGEMENT COMPANY et al., Appellants. [904 NYS2d 41]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered November 2, 2009, which denied Related Management Company and Battery Park City Authority's motion and Consolidated Edison's cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, the motion granted, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendants Related Management Company and Battery Park City Authority dismissing the complaint.

At issue on this appeal is whether sidewalk metal grating is

part of the "sidewalk" for purposes of Administrative Code of the City of New York § 7-210, which requires owners of real property to maintain abutting sidewalks in a reasonably safe condition. Although sidewalk grates are generally intended for the use of pedestrians, "sections 19-152 and 16-123, the provisions whose language section 7-210 tracks, contemplate the installation, maintenance, repair and clearing of sidewalks or sidewalk flags" (*Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 521 [2008]).

Plaintiff's testimony establishes that she fell as a result of an alleged slippery condition of a sidewalk grate and it is undisputed that defendant Consolidated Edison Company of New York (Con Edison) owns the grate and vault it covers.

Rules of New York City Department of Transportation Highway (34 RCNY) § 2-07), which governs the maintenance and repair of sidewalk grates, places maintenance and repair responsibilities on the owners of covers or gratings (*see Cruz v New York City Tr. Auth.*, 19 AD3d 130 [2005]). Indeed, 34 RCNY 2-07 (b) (1) states that "[t]he owners of covers or gratings on a street are responsible for monitoring the condition of the covers and gratings and the area extending twelve inches outward from the perimeter of the hardware" (*id.* at 130-131). Further, 34 RCNY 2-07 (b) (2) requires that "[t]he owners of covers or gratings shall replace or repair any cover or grating found to be defective and shall repair any defective street condition found within an area extending twelve inches outward from the perimeter of the cover or grating."

Therefore, we find that § 7-210 of the Administrative Code of the City of New York does not impose liability upon a property owner for failure to maintain a sidewalk grate in a reasonably safe condition. Defendants Related Management and Battery Park City Authority have "established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not have exclusive access to, or the ability to exercise control over, the grate on which . . . plaintiff allegedly [slipped] and fell" (*Breland v Bayridge Air Rights, Inc.*, 65 AD3d 559, 560 [2009]).

However, Con Edison has not established its entitlement to summary judgment. There is no evidence that the inspection conducted by a Con Edison employee included checking the subject grate to determine whether it became slippery upon becoming wet despite the utility being notified prior to plaintiff's alleged accident that there was a slippery condition. We find that this leaves a question of fact as to whether the inspection conducted by Con Edison was sufficient to satisfy its duty of care to maintain and repair sidewalk vault covers and grates.

We have reviewed the parties' remaining arguments, and find them without merit. Concur—Tom, J.P., Mazzarelli, Sweeny, Freedman and Abdus-Salaam, JJ. **[Prior Case History: 25 Misc 3d 1237(A), 2009 NY Slip Op 52473(U).]**