Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered June 26, 2009, which, to the extent appealed from *427 as limited by the briefs, granted the APF defendants’ motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
At issue on this appeal is whether a sidewalk metal grating owned by the Metropolitan Transit Authority (MTA) is part of the “sidewalk” for purposes of Administrative Code of the City of New York § 7-210, which requires owners of real property to maintain abutting sidewalks in a reasonably safe condition.
Plaintiffs testimony establishes that she tripped and fell on a raised and broken portion of the public sidewalk surrounding a vault cover owned by the MTA. The vault was adjacent to the premises owned by defendants 1414 APF LLC and APF Properties LLC.
Rules of City of New York Department of Transportation (34 RCNY) § 2-07 (b) (1) provides that “[t]he owners of covers or gratings on a street are responsible for monitoring the condition of the covers and gratings and the area extending twelve inches outward from the perimeter of the hardware” (see Cruz v New York City Tr. Auth., 19 AD3d 130, 130-31 [2005]). 34 RCNY 2-07 (b) (2) requires that “[t]he owners of covers or gratings shall replace or repair any cover or grating found to be defective and shall repair any defective street condition found within an area extending twelve inches outward from the perimeter of the cover or grating.”
Administrative Code § 7-210 generally imposes liability for injuries resulting from negligent sidewalk maintenance on the abutting property owners. 34 RCNY 2-07, however, imposes the duty of maintenance and repair of a sidewalk grate on the owner of the grate, which in this case is the MTA. There is no doubt that the defective area of the sidewalk where plaintiff fell was inside the 12-inch zone that the MTA was required to repair pursuant to 34 RCNY 2-07.
We do not agree that the MTA and the abutting property owner could be concurrently liable in this case. There is nothing in Administrative Code § 7-210 to show that the City Council intended to supplant the provisions of 34 RCNY 2-07 and to allow a plaintiff to shift the statutory obligation of the MTA to the abutting property owner. “In reaching this result, we are guided by the principle that ‘legislative enactments in derogation of common law, and especially those creating liability where none previously existed,’ must be strictly construed” (Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521 [2008], quoting Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc., 3 NY3d 200, 206 [2004]). Concur—Mazzarelli, J.P., Renwick, Freedman, Richter and Abdus-Salaam, JJ. [Prior Case History: 2009 NY Slip Op 31397(U).]