■ SANNY JAMES, Respondent, v COUNTY OF NASSAU, Defendant, and WATER AUTHORITY OF WESTERN NASSAU COUNTY, Appellant. [925 NYS2d 655]—

In an action to recover damages for personal injuries, the defendant Water Authority of Western Nassau County appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered October 13, 2010, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Water Authority of Western Nassau County which was for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff allegedly tripped and fell over a raised sidewalk flag abutting premises owned by the defendant Water Authority of Western Nassau County (hereinafter the Water Authority). Generally, liability for injuries sustained as a result of a dangerous condition on a public sidewalk is placed on the municipality, and not on the owner of the abutting land (*see Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]). "An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty" (*Romano v Leger*, 72 AD3d 1059, 1059 [2010]; *see Hausser v Giunta*, 88 NY2d 449 [1996]; *James v Blackmon*, 58 AD3d 808 [2009]; *Ellman v Village of Rhinebeck*, 41 AD3d 635 [2007]). Here, the Water Authority made a prima facie showing of entitlement to judgment as a matter of law by submitting evidence that it did not create the condition, did not cause the sidewalk defect at issue to occur because of a special use, and did not violate a statute or ordinance (*see DiGregorio v Fleet Bank of N.Y., NA*, 60 AD3d 722 [2009]; *Ellman v Village of Rhinebeck*, 41 AD3d 635 [2007]; *Figueroa v City of New York*, 27 AD3d 515 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court should have granted that branch of the Water Authority's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Skelos, J.P., Leventhal, Austin and Sgroi, JJ., concur.