■ JOHANNA MOUGIANNIS et al., Respondents-Appellants, v WALTER DERMODY et al., Appellants-Respondents, and GILBERT ALBANESE, Respondent. [929 NYS2d 323]—

The collapse of an above-ground swimming pool located in the backyard of the house owned by the defendants Walter Dermody and Carol Dermody (hereinafter together the Dermodys) caused flooding onto the neighboring property, owned by the plaintiff Johanna Mougiannis, where she resided with her mother, the plaintiff Domenica Mougiannis.

The plaintiffs commenced this action against the Dermodys, as well as Gilbert Albanese, the individual who serviced the Dermodys' pool, to recover damages stemming from the defendants' alleged negligence. The plaintiffs alleged that the pool had been improperly installed and, thereafter, maintained in an unsafe condition, causing it to collapse.

The Dermodys moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and Albanese moved for the same relief. In an order dated March 9, 2010, the Supreme Court denied the Dermodys' motion and granted Albanese's motion. The Dermodys appeal from the denial of their motion for summary judgment and the plaintiffs cross-appeal from so much of the order as granted that branch of Albanese's motion which was for summary judgment dismissing the complaint insofar as asserted against him. We affirm the order insofar as appealed and cross-appealed from.

Although the Supreme Court properly denied the Dermodys' motion for summary judgment, we affirm on a different ground. The Dermodys failed to establish, prima facie, their entitlement to judgment as a matter of law by demonstrating that they had no actual or constructive notice of a defective or dangerous condition related to the collapse of the pool (see *Kielty v AJS Constr. of L.I., Inc.*, 83 AD3d 1004, 1005-1006 [2011]; *Persaud v S & K Green Groceries, Inc.*, 72 AD3d 778, 779 [2010]). Accordingly, we need not consider the sufficiency of the plaintiffs' opposition to the Dermodys' motion (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

With regard to the plaintiffs' cross appeal, the Supreme Court properly determined that Albanese met his initial burden of establishing his entitlement to judgment as a matter of law by demonstrating that he owed no duty to the plaintiffs on the

basis of his contractual relationship with the Dermodys (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138-139 [2002]; *Georgotas v Laro Maintenance Corp.*, 55 AD3d 666, 667 [2008]; *Vignapiano v Herbert Constr. Co.*, 46 AD3d 544, 545 [2007]) and that, contrary to the plaintiffs' allegation, the *Espinal* exception regarding launching a force or instrument of harm was inapplicable (*see Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]). The plaintiffs did not allege that any other recognized exception to the general rule barring tort liability in favor of a third party solely on the basis of a contractual obligation applied in this action (*id.* at 213-214; *see Marchetti v Allstate Conveyor Serv., Inc.*, 67 AD3d 748, 749 [2009]). In opposition to Albanese's showing, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Marchetti v Allstate Conveyor Serv., Inc.*, 67 AD3d 748 [2009]; *Vignapiano v Herbert Constr. Co.*, 46 AD3d 544 [2007]). Skelos, J.P., Covello, Balkin and Austin, JJ., concur. **[Prior Case History: 2010 NY Slip Op 30805(U).]**