■ CARLOS VEGA, Respondent, v CITY OF NEW YORK, Appellant. [930 NYS2d 558]—

Plaintiff was injured when, while riding his bicycle, he struck a pothole, causing him to fall to the ground. It is uncontroverted that defendant did not receive prior written notice of the defect pursuant to the "Pothole Law" (*see* Administrative Code of City of NY § 7-201 [c] [2]). Accordingly, the burden shifted to plaintiff to demonstrate the applicability of one of the exceptions to the rule, which bars municipal liability absent prior written notice in conformance with the statute (*see Yarborough v City of New York*, 10 NY3d 726, 728 [2008]). The only possible exception ap-

plicable to the facts of this case is the affirmative creation exception, which imposes liability if defendant created the defect through an affirmative act of negligence that resulted in an immediately dangerous condition (*id*; *see Oboler v City of New York*, 8 NY3d 888, 889 [2007]).

Here, the motion court erred in finding that triable issues of fact exist as to whether defendant's actions in effectuating a temporary repair approximately five months before plaintiff's accident created a defective condition within the meaning of the exception. Even assuming that the pothole that defendant repaired is the same defect that caused plaintiff's accident, there is nothing in the record indicating that defendant performed that repair negligently or that it resulted in an immediately dangerous condition. Furthermore, plaintiff's contention that defendant's failure to perform a subsequent permanent repair constituted an affirmative act of negligence, is unavailing. As a failure to act is not an affirmative act, "such conduct amounts to nonfeasance, rather than affirmative negligence" (*Boice v City of Kingston*, 60 AD3d 1140, 1142 [2009]). Concur—Gonzalez, P.J., Andrias, Saxe and Sweeny, JJ. **[Prior Case History: 2009 NY Slip Op 32416(U).]**