■ JAMES LEWIS, Respondent, v CITY OF NEW YORK et al., Appellants, and CONSOLIDATED EDISON COMPANY OF NEW YORK, Respondent. [931 NYS2d 855]—

Defendants-appellants made a prima facie showing of entitle-

ment to judgment as a matter of law with evidence that they did not have the "ability to exercise control" over the sidewalk defect that allegedly caused plaintiff's fall (*Kaufman v Silver*, 90 NY2d 204, 207 [1997]; *Hurley v Related Mgt. Co.*, 74 AD3d 648, 649 [2010]).

In opposition, plaintiff and Con Edison failed to raise an issue of fact. As the undisputed owner of the subject grate, Con Edison had exclusive maintenance responsibility over the grate and the area extending 12 inches outward from the perimeter of the grate (34 RCNY 2-07 [b] [1], [2]), which included the alleged sidewalk defect that caused plaintiff's fall. Accordingly, only Con Edison, and not defendants-appellants, may be liable for plaintiff's injuries (*see Storper v Kobe Club*, 76 AD3d 426, 427 [2010]; *Hurley*, 74 AD3d at 649). Concur—Gonzalez, P.J., Tom, Sweeny and Renwick, JJ. **[Prior Case History: 2010 NY Slip Op 31367(U).]**