◼ Nicollette Ann Iacone et al., Respondents, v Sal W. Passanisi, Jr., et al., Defendants, and Michael Piccoli et al., Appellants. [933 NYS2d 373]—

This personal injury action arises out of an automobile accident that occurred at the intersection of Erwin Place and Oceanside Road in Oceanside, when a vehicle operated by the defendant Sal Passanisi, Jr., while traveling northbound on Oceanside Road, came into contact with a vehicle operated by the plaintiff Nicollette Ann Iacone (hereinafter the plaintiff), as the plaintiff was making a left turn from Erwin Place onto southbound Oceanside Road. The defendants Anthony Grassi and Geralyn Grassi (hereinafter together the Grassis) are the owners of real property which lies on the southeast corner of the intersection of Erwin Place and Oceanside Road. The Grassis' property is separated by hedges from the southerly, adjacent parcel of real property, which is owned by the defendants Michael Piccoli and Thomas Piccoli (hereinafter together the Piccolis).

The plaintiff alleged in her complaint that the Grassis and the Piccolis were negligent in that they violated section 312 (E) of the Town of Hempstead Building Zone Ordinance by failing to keep the hedges trimmed to a height of four feet or less, and that their negligence was a proximate cause of the accident inasmuch as the hedges obstructed visibility at the subject intersection. The Grassis moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them and the Piccolis separately moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied both motions.

The Grassis failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them on the ground that they did not own the subject hedges and, thus, had no duty to trim them in accordance with the applicable ordinance. The land survey produced by the Grassis' expert did not establish on whose property the trunks or body of the hedges stood and, therefore, did not demonstrate, prima facie, that the Piccolis were the owners of the hedges (see *Hoffman v Armstrong*, 48 NY 201, 203 [1872]; *Dubois v Beaver*, 25 NY 123 [1862]; *Hileman-Rizzo v Krysty*, 10

Misc 3d 135[A], 2005 NY Slip Op 52118 [U] [2005]). Accordingly, we need not consider the sufficiency of the opposition to the Grassis motion on this issue (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Mougiannis v Dermody*, 87 AD3d 993 [2011]).

The Piccolis also failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them. In this regard, the Piccolis merely submitted an attorney's affirmation, in which counsel argued that the height of the subject hedges was not a proximate cause of the accident. The affirmation of a party's attorney "has no probative weight" (*Bates v Yasin*, 13 AD3d 474 [2004]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Moreover, "[t]here can be more than one proximate cause of an accident" (*Cox v Weil*, 86 AD3d 620, 621 [2011] [internal quotation marks omitted]). Since the Piccolis' submissions were insufficient to establish their entitlement to judgment as a matter of law, we need not consider the sufficiency of the plaintiffs' opposition to the Piccolis' motion.

The appellants' remaining contentions are without merit. Prudenti, P.J., Skelos, Balkin and Sgroi, JJ., concur. **[Prior Case History: 2010 NY Slip Op 31970(U).]**