In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Weiss, J.), dated January 9, 2013, which denied their motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
On November 1, 2010, the injured plaintiff allegedly sustained injuries when he tripped over a sidewalk defect in the vicinity of a catch basin. In December 2010, the injured plaintiff and his wife, suing derivatively, commenced this action against the defendant Bob’s Discount Furniture of NY, LLC, which leased the abutting premises, and the defendant Woodhaven Realty, LLC, which owned the abutting premises (hereinafter together the defendants). The defendants moved for summary judgment dismissing the complaint contending, inter alla, that pursuant to 34 RCNY 2-07 (b), they had no obligation to maintain the area where the accident allegedly occurred. The Supreme Court denied the motion.
Generally, liability for injuries sustained as a result of dangerous and defective conditions on public sidewalks is placed on the municipality and not the abutting landowner (see Hausser v Giunta, 88 NY2d 449, 452-453 [1996]; Gyokchyan v City of New York, 106 AD3d 780 [2013]; James v County of Nassau, 85 AD3d 971 [2011]). However, an abutting landowner will be liable to a pedestrian injured by a defect in a sidewalk where the landowner created the defect, caused the defect to occur by some *941 special use of the sidewalk, or breached a specific ordinance or statute which obligates the owner to maintain the sidewalk (see Crawford v City of New York, 98 AD3d 935, 936 [2012]; Smirnova v City of New York, 64 AD3d 641 [2009]). Section 7-210 of the Administrative Code of the City of New York, which was in effect at the time of the accident, shifts liability for injuries resulting from defective sidewalks from the City to abutting property owners (see Stoloyvitskaya v Dennis Boardwalk, LLC, 101 AD3d 1106, 1107 [2012]; Pevzner v 1397 E. 2nd, LLC, 96 AD3d 921, 922 [2012]). Legislative enactments in derogation of the common law which create liability where none previously existed must be strictly construed (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521 [2008]; Harakidas v City of New York, 86 AD3d 624, 627 [2011]). Hence, while section 7-210 expressly shifts tort liability to the abutting property owner for injuries proximately caused by the owner’s failure to maintain the sidewalk in a reasonably safe condition, it does not supersede pre-existing regulations such as 34 RCNY 2-07 (b), which provides that “owners of covers or gratings on a street are responsible for monitoring the condition of the covers and gratings and the area extending twelve inches outward from the perimeter of the hardware” (34 RCNY 2-07 [b] [1]; see Lewis v City of New York, 89 AD3d 410, 411 [2011]; Flynn v City of New York, 84 AD3d 1018, 1019 [2011]; Storper v Kobe Club, 76 AD3d 426 [2010]; Hurley v Related Mgt. Co., 74 AD3d 648, 649 [2010]).
Here, in support of their motion for summary judgment, the defendants failed to submit evidence sufficient to establish their prima facie entitlement to judgment as a matter of law. The defendants failed to establish that they did not own the subject catch basin (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Iacone v Passanisi, 89 AD3d 991 [2011]; Simplex Grinnell, LP v Ruby Weston Manor, 59 AD3d 610 [2009]) and that the injured plaintiff fell within an area extending 12 inches outward from the perimeter of the cover or grating of the catch basin (see 34 RCNY 2-07 [b] [1]; Hidalgo v City of New York, 33 Misc 3d 1236[A], 2011 NY Slip Op 52253[U] [Sup Ct, NY County 2011]; Lightsy v City of New York, 2007 NY Slip Op 33823[U] [Sup Ct, Queens County 2007]; cf. Cruz v New York City Tr. Auth., 19 AD3d 130, 131 [2005]). Since the defendants failed to meet their initial burden as the movants, it is not necessary to review the sufficiency of the plaintiff’s opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Accordingly, the Supreme Court properly denied the defendants’ motion for summary judgment dismissing the complaint. Eng, EJ., Dillon, Maltese and Duffy, JJ., concur.