■ LISSETTE ARZENO, Respondent-Appellant, v CITY OF NEW YORK, Respondent, and ANVERNIC LLC et al., Appellants-Respondents. [10 NYS3d 198]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered March 20, 2014, which, to the extent appealed from, granted the motion of defendant City of New York for summary judgment dismissing the complaint as against it, and denied the motion of defendants Anvernic LLC and GDA LLC (owners) for summary judgment dismissing the complaint and cross claims as against them, unanimously modified, on the law, the owners' motion granted, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the entire complaint.

Plaintiff fell in a hole on part of a blacktopped sidewalk adjacent to a fire hydrant. Since the City and its agencies were performing work on the fire hydrant, which work entailed plac-

ing blacktop on the surrounding sidewalk, it exercised control over that area during the pendency of its work, to the exclusion of the owners (*see Lewis v City of New York*, 89 AD3d 410 [1st Dept 2011]; *Hurley v Related Mgt. Co.*, 74 AD3d 648, 649 [1st Dept 2010]; *and see Kaufman v Silver*, 90 NY2d 204, 207 [1997]).

The court properly granted the City's motion for summary judgment, since the City did not receive any prior written notice of the defect at issue (*see* Administrative Code of City of NY § 7-201 [c] [2]). Plaintiff failed to raise an issue of fact as to whether the City, by its repair, affirmatively created the defect through an act of negligence that "immediately results in the existence of a dangerous condition" (*see Oboler v City of New York*, 8 NY3d 888, 889 [2007] [emphasis omitted], quoting *Bielecki v City of New York*, 14 AD3d 301, 301 [1st Dept 2005]). That the City may have made a temporary repair was not evidence of a negligent repair (*see Vega v City of New York*, 88 AD3d 497, 498 [1st Dept 2011]). Nor is an ineffectual pothole repair job which does not make the condition any worse amount to an affirmative act of negligence (*see Kushner v City of Albany*, 27 AD3d 851, 852 [3d Dept 2006], *affd* 7 NY3d 726 [2006]). Concur—Sweeny, J.P., Renwick, Andrias, Moskowitz and Gische, JJ.