■ Hafiz Baghban et al., Respondents, v City of New York et al., Respondents, and The 153 Chambers Condominium, Appellant, et al., Defendant. (And a Third-Party Action.) [33 NYS3d 695]—

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered May 12, 2015, which, insofar as appealed from as limited by the briefs, denied as premature the motion of defendant 153 Chambers Condominium (153 Chambers) for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.

Plaintiff Hafiz Baghban was injured when he tripped and fell on a raised piece of concrete, namely, the remnants of a phone booth that had been removed a year earlier, located on the sidewalk in front of 153 Chambers's premises. "Administrative Code of the City of New York § 7-210 imposes a nondelegable duty on the owner of the abutting premises to maintain and repair the sidewalk" in a reasonably safe condition (*Collado v Cruz*, 81 AD3d 542, 542 [1st Dept 2011]; *see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517 [2008]). Rules of the City of New York Department of Transportation (34 RCNY) § 2-07 (b) (1) is inapplicable because it applies only to "owners of covers or gratings" on the sidewalk. Here, the condition that caused Baghban's injury did not involve either a defective cover or grating, but rather a raised piece of the sidewalk itself (*cf. Lewis v City of New York*, 89 AD3d 410 [1st Dept 2011]; *Storper v Kobe Club*, 76 AD3d 426 [1st Dept 2010]).

The court also properly held that 153 Chambers's motion was premature (CPLR 3212 [f]). Plaintiff and codefendants demonstrated that additional discovery was necessary because 153 Chambers's president had yet to be deposed, and the record suggested that there were issues of fact as to whether 153 Chambers had constructive notice of the sidewalk condition before the accident (*see Figueroa v City of New York*, 126 AD3d 438, 439 [1st Dept 2015]). Concur—Tom, J.P., Friedman, Richter, Kapnick and Gesmer, JJ.