Jackson v Hunter Roberts Constr. Group, LLC (2018 NY Slip Op 03805)





Jackson v Hunter Roberts Constr. Group, LLC


2018 NY Slip Op 03805


Decided on May 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2018

Friedman, J.P., Gische, Tom, Kern, Singh, JJ.


6692 114083/11

[*1]Robert Jackson, et al., Plaintiffs-Respondents,
v
Hunter Roberts Construction Group, LLC, et al., Defendants-Appellants.


Cullen and Dykman LLP, New York (David A. Beatty of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for respondents.



Order, Supreme Court, New York County (Joan M. Kenney, J.), entered March 15, 2017, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing plaintiff's complaint alleging violation of Labor Law §§ 200, 240(1), and 241(6) and common law negligence, unanimously modified, on the law, the motion granted to the extent of dismissing the Labor Law §§ 240(1) and 241(6) claims, and otherwise affirmed, without costs.
Plaintiff claims that he and a coworker were carrying a water main pipe when he lost his balance upon stepping on a makeshift ramp that "bowed." The weight of the pipe caused them to fall and, as plaintiff was trying to push or eject the pipe from his shoulder to prevent it from landing on him, the pipe struck either a cart or a column, retracted back, and struck him in the leg.
The motion court properly denied defendants' motion for summary judgment dismissing the Labor Law § 200 and common law negligence claims as premature. Regardless of whether the court misinterpreted defendants' October 11, 2016 letter as seeking further discovery, the record indicates that "facts essential to justify opposition may exist but cannot then be stated" (CPLR 3212[f]). As no representatives from defendants have been deposed, and the record suggests that crucial facts may be within defendants' knowledge, additional discovery is necessary (see Baghban v City of New York, 140 AD3d 586 [1st Dept 2016]; Figueroa v City of New York, 126 AD3d 438, 439 [1st Dept 2015]).
However, defendants are entitled to dismissal of the Labor Law § 240(1) claim. Plaintiff's testimony established that he was not exposed to the type of elevation-related hazard contemplated by the statute. The height differential of 6 to 10 inches mediated by the ramp did not constitute a physically significant elevation differential covered by the statute (see Sawczyszyn v New York Univ., 158 AD3d 510, 511 [1st Dept 2018]; Torkel v NYU Hosps. Ctr., 63 AD3d 587, 590 [1st Dept 2009]). Also, as the ramp was serving as a passageway, as opposed to the "functional equivalent" of a safety device enumerated under the statute, it did not fall within the purview of the statute (see Gomez v City of New York, 63 AD3d 511 [1st Dept 2009]; Paul v Ryan Homes, 5 AD3d 58, 60-61 [4th Dept 2004]; cf. Foutfana v City of New York, 211 AD2d 550 [1st Dept 1995]). Further, the impetus for the pipe's descent was plaintiff's loss of balance, rather than the direct consequence of the force of gravity (see Carrera v Westchester Triangle Hous. Dev. Fund Corp., 116 AD3d 585, 585 [1st Dept 2014]; Ghany v BC Tile Contrs., Inc., 95 AD3d 768 [1st Dept 2012]).
Defendants are also entitled to dismissal of the Labor Law § 241(6) claim. Plaintiff relies on only 12 NYCRR § 23-1.5(c). Although 12 NYCRR § 23-1.5(c)(1) and (2) are too general to serve as Labor Law § 241(6) predicates, 12 NYCRR § 23-1.5(c)(3) is sufficiently specific to support a claim (see Becerra v Promenade Apts. Inc., 126 AD3d 557, 558 [1st Dept 2015]). [*2]However, 12 NYCRR § 23-1.5(c)(3) is inapplicable, as the ramp does not constitute a "safety device," "safeguard," or "equipment" as used in the provision.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 29, 2018
CLERK