Trentman v City of New York (2018 NY Slip Op 04650)





Trentman v City of New York


2018 NY Slip Op 04650


Decided on June 21, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 21, 2018

Manzanet-Daniels, J.P., Gische, Andrias, Kapnick, Kern, JJ.


6939 154734/15

[*1]Rose Trentman, Plaintiff-Appellant, 
v
The City of New York, Defendant-Respondent.


Greenberg Law, P.C., New York (Robert J. Menna of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondent.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered December 27, 2016, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant established entitlement to judgment as a matter of law in this action where plaintiff alleges that on November 12, 2014 she was injured when she tripped and fell on a hole in the roadway, away from the curb. Defendant submitted evidence showing that it lacked prior written notice of the alleged defect (Administrative Code of City of NY § 7-201[c][2]; see Brown v City of New York, 150 AD3d 615 [1st Dept 2017]).
In opposition, plaintiff failed to raise a triable issue of fact as to whether defendant had prior written notice or as to whether defendant created the subject hole (see generally Yarborough v City of New York, 10 NY3d 726, 728 [2008]). Plaintiff relied on several August 2014 Department of Transportation inspections of defects located in the general vicinity of her fall as constituting either written acknowledgment of the defect or evidence that defendant had immediately created the condition during unspecified road repair work. However, records regarding other defects that were repaired in a certain area do not provide written notice of the specific defect that allegedly caused plaintiff's injury (see Kalsmith v City of New York, 158 AD3d 442 [1st Dept 2018]; Stoller v City of New York, 126 AD3d 452 [1st Dept 2015]). Furthermore, evidence that defendant repaired a defect several months before plaintiff's accident does not provide a basis for an inference that the repair resulted in an immediately hazardous
condition (see Arzeno v City of New York, 128 AD3d 527 [1st Dept 2015], lv denied 26 NY3d 914 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 21, 2018
CLERK