Medina-Diaz v 540 W. 145 LLC (2021 NY Slip Op 00497)





Medina-Diaz v 540 W. 145 LLC


2021 NY Slip Op 00497


Decided on January 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

Before: Acosta, P.J., Webber, Oing, Scarpulla, JJ. 


Index No. 154064/16 Appeal No. 12972 Case No. 2020-02316 

[*1]Milagros Medina-Diaz, Plaintiff-Respondent,
v
540 West 145 LLC et al., Defendants-Appellants.
Sole 145 Inc. Sued Herein as Sole, Third-Party Plaintiff-Appellant,
v
City of New York, Third-Party Defendant-Respondent.


Law Office of Tromello & Fishman, Tarrytown (D. Bradford Sessa of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for municipal respondent.



Order, Supreme Court, New York County (Lyle E. Frank, J.), entered October 29, 2019, which granted third-party defendant City of New York's motion for summary judgment dismissing the third-party complaint and all cross claims against it, unanimously affirmed, without costs.
Plaintiff alleges that she fell on the sidewalk in front of 540 West 145th Street in Manhattan, a building owned by defendant 540 West 145 LLC and managed by defendant Axion Management LLC. Defendant/third-party plaintiff Sole 145 Inc. (Sole) leased retail space on the ground floor of the building.
In the third-party complaint, Sole alleges that third-party defendant City of New York (City) was required to maintain the area where plaintiff fell because it was located at the curb or by a tree well.
Plaintiff testified that the area where she fell was closer to the store than to the curb, there were no trees on the sidewalk, and she did not see construction. The area where she fell was indicated by arrows on two photographs of the scene that were marked as exhibits during her deposition testimony.
The motion court correctly found that the City sustained its initial burden of demonstrating that it was not liable for plaintiff's injuries, pursuant to Administrative Code of City of NY § 7-210, and that Sole failed to present sufficient evidence to raise a triable issue of fact as to whether the area where plaintiff fell was a tree well which the City was required to maintain (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521-522 [2008]). Plaintiff's testimony and the pictures of the area which were identified by plaintiff support the conclusion that plaintiff did not fall in a tree well for which the City is required to maintain.
Sole produced no admissible evidence to the contrary. There were no records produced indicating the area where plaintiff fell was a tree well. The permit to open the sidewalk, cited by Sole, was issued to a landscaping company prior to the accident and was for a different location. Moreover, the presence of a tree in the area, after the accident, in a Google Maps image, is insufficient to raise a triable issue of fact.
While Sole contends that the City's motion was premature because it had not deposed a witness from the Parks Department, it concedes that the City produced over 900 pages of documents and affidavits from Parks Department witnesses concerning their records search. We find that the motion court providently exercised its discretion in denying Sole's cross motion to compel further discovery in light of the affidavits of two Parks Department witnesses concerning the absence of records for the relevant location (see Allen v Cromwell-Collier Publ. Co., 21 NY2d 403, 405 [1968]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2021