Civic v City of New York (2023 NY Slip Op 01861)

Civic v City of New York

2023 NY Slip Op 01861

Decided on April 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2023

Before: Kapnick, J.P., Kern, Friedman, Gesmer, Higgitt, JJ. 

Index No. 158912/17 Appeal No. 16 Case No. 2022-00561 

[*1]Melanne Civic, Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent. Consolidated Edison, Inc., Defendant.

Michael Manoussos & Co PLLC, Kew Gardens (Michael Manoussos of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for respondent.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about September 3, 2021, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The City met its prima facie burden of demonstrating that it did not receive prior written notice of the crosswalk defect and alleged pothole that plaintiff identified as the cause of her fall as she crossed an intersection and that there was no written acknowledgment of that defect (see Administrative Code of City of NY § 7-201 [c] [2]). The City's records did not contain prior written notice of the particular defect in the crosswalk where plaintiff fell (see Haulsey v City of New York, 123 AD3d 606 [1st Dept 2014]; see also Boniello v City of New York, 106 AD3d 612 [1st Dept 2013]). Moreover, "[t]he awareness of one defect in the area is insufficient to constitute notice of a different particular defect which caused the accident" (Roldan v City of New York, 36 AD3d 484, 484 [1st Dept 2007]).
Plaintiff failed to demonstrate the applicability of an exception to the prior written notice rule. The record contains no evidence that establishes that the City affirmatively created the pothole through its own negligence (see Dunn v City of New York, 206 AD3d 403, 403-404 [1st Dept 2022]; see also Arzeno v City of New York, 128 AD3d 527, 528 [1st Dept 2015], lv denied 26 NY3d 914 [2015]). Plaintiff's claim that the City's alleged negligent repair of a defect at the location several months before the incident resulted in an immediate hazardous condition was speculative (see Thompson v City of New York, 172 AD3d 485, 485 [1st Dept 2019]; see also Trentman v City of New York, 162 AD3d 559, 559-560 [1st Dept 2018]).
34 RCNY 2-07(b), which requires the City to monitor and maintain its manhole covers and the surrounding 12-inch perimeter, did not vitiate the Administrative Code's prior written notice requirement (see Gori v City of New York, 171 AD3d 1025, 1026 [2d Dept 2019]; see also Oboler v City of New York, 8 NY3d 888, 889 [2007]). In any event, plaintiff alleges the cause of her fall was a pothole in the crosswalk, not a manhole cover.
Finally defendant's summary judgment motion was not premature, even in the absence of depositions of the Department of Transportation and Department of Environmental Protection, as the City offered affidavits of those agencies' employees' record searches along with the documents the searches produced and plaintiff failed to
show that further discovery would lead to relevant evidence (see CPLR 3212[f]; see also Medina-Diaz v 540 W. 145 LLC, 190 AD3d 646, 647 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2023