| |
|---|
| **Tollefsen v 231-235 E. 53rd St. LLC** |
| 2025 NY Slip Op 32799(U) |
| August 15, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 155020/2021 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. RICHARD TSAI**                              PART                    21

_Justice_

------------------------------------------------------------------------------X

MARIAM TOLLEFSEN,

                                  Plaintiff,

                          - v -

231-235 EAST 53RD STREET LLC,

                                  Defendant.

------------------------------------------------------------------------------X

231-235 EAST 53RD STREET LLC,

                          Third-Party Plaintiff,

                          -against-

METROPOLITAN TRANSPORTATION AUTHORITY, NEW
YORK CITY TRANSIT AUTHORITY,

                          Third-Party Defendants.

------------------------------------------------------------------------------X

231-235 EAST 53RD STREET LLC,

                          Second Third-Party Plaintiff,

                          -against-

THE CITY OF NEW YORK

                          Second Third-Party Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155020/2021 |
| MOTION DATE | 07/26/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595209/2022

Second Third-Party
Index No. 596053/2023

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 4, 32-50, 52-59
were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Upon the foregoing documents, it is **ORDERED** that the motion for summary judgment
by defendant 231-235 East 53rd Street LLC is **DENIED**; and it is further

        **ORDERED** that the parties are directed to appear in person for a status
conference on **10/16/25 at 3:00 p.m.** in IAS Part 21, 80 Centre St Room 280, New York,
New York.

**155020/2021   TOLLEFSEN, MARIAM vs. 231-235 EAST 53RD STREET LLC**                    **Page 1 of 5**
  **Motion No.  001**

[* 1]

According to the bill of particulars, on August 17, 2020, plaintiff allegedly tripped and fell due to a defect "in the concrete flag and grate of the sidewalk" abutting 235 East 53rd Street in Manhattan (*see* exhibit A in support of mot, verified bill of particulars ¶¶ 1-2 [NYSCEF Doc. No. 35]). In its answer, defendant 231-235 East 53rd Street LLC (Owner) admitted that it owns the building located at 235 East 53rd Street in Manhattan (*see* NYSCEF Doc. No. 4, answer ¶ 3).

The Owner now moves for summary judgment dismissing the complaint and all cross-claims as against it, on the ground that it was not the owner of the grate and therefore had no duty to maintain the grate and the area extending 12 inches from its perimeter.

Third-party defendants Metropolitan Transportation Authority and New York City Transit Authority (collectively, the Transit Defendants) support the motion. Plaintiff opposes the motion, arguing that defendant 231-235 East 53rd Street LLC made a special use of the area, and that the load of the stairway which extends outwards from the building caused and created the defect.

## BACKGROUND

At her deposition, plaintiff testified that her accident occurred on August 17, 2020 around 4:15, 4:30 p.m. (*see* exhibit F in support of mot, plaintiff's EBT at 14, lines 20-25 [NYSCEF Doc. No. 40]).  Plaintiff stated that she was walking east between Second and Third Avenue, towards Second Avenue (*id.* at 15, lines 4-7; at 17, lines 9-12).  According to plaintiff, the roadway was to her right, and the buildings were to her left (*id.* at 17, line 18 through 18, line 7).

Plaintiff testified that she fell because "I caught my toes in missing concrete and then fell on a metal thing [referring to a metal grate]" (*id.* at 19, lines 2-7).  According to plaintiff, the metal grate was "[a]pproximately ten inches away" or "maybe less" to her right when she "caught" the toes of right foot (*id.* at 19, line 8 through 20, line 5).  After she fell, plaintiff observed that "[c]oncrete was missing. Piece of concrete was missing on the sidewalk" (*id.* at 25, lines 14-15). Plaintiff also stated that the sidewalk was higher than the metal grate, by "maybe one inch[ ]" (*id.* at 26, line 11 through 27, line 2).  When asked if there was any material, water, or foreign objects covering the area where plaintiff tripped, she answered, "I remember was [sic] cigarette was somewhere" (*id.* at 28, lines 6-13).

According to plaintiff, a photograph marked as Exhibit D at plaintiff's deposition depicted "exactly where I fell. Caught my toes in the corner" (*id.* at  37, line 23 through 38, line7):

(Continued on next page)

INDEX NO. 155020/2021

RECEIVED NYSCEF: 08/15/2025



(*see* exhibit J in support of motion [NYSCEF Doc. No. 44]).[1]  When asked to identify the corner, plaintiff answered, "Yeah. From the photograph, right side in the corner, where we see the cigarette there. Missing the concrete in the corner" (*id.* at 38, lines 11-14).

In a series of photographs marked as Exhibit E, plaintiff stated that the top row photograph in the upper-left hand corner, which has an orange object placed on the metal grate, was the same metal grate as depicted in Exhibit D (*id.* at 40, line 13 through 41, line 16):



---

[1]The photograph in this decision (used for purposes of illustration) was cropped from exhibit J.

**155020/2021   TOLLEFSEN, MARIAM vs. 231-235 EAST 53RD STREET LLC**            **Page 3 of 5**
  **Motion No.  001**

(*see* exhibit K in support of mot, photographs marked as Exhibit E [NYSCEF Doc. No. 45]). [2]

In response to a notice to admit, defendant City of New York (City) admitted that, on August 17, 2020, it owned the grating within the sidewalk on the north side of East 53rd Street between 2nd and 3rd Avenue (*see* exhibit C in support of mot, notice to admit [NYSCEF Doc. No. 37]; *see* exhibit D in support of mot, response to notice to admit [NYSCEF Doc. No. 38]).

By affidavit, Cathy Maharaj, a property manager for the premises located at 235 East 53rd Street, avers that defendant 231-235 East 53rd Street LLC never performed any repairs in the area where the cigarette butt and the orange cone can be seen in these photographs, identified by plaintiff as the area causing her fall (*see* exhibit O in support of mot, Maharaj aff ¶ 10 [NYSCEF Doc. No 49]).  According to Maharaj, 231-235 East 53rd Street LLC "did not maintain or repair the metal grating depicted in these photographs at any time, and it did not use the metal grating for any reason" (*id.* ¶ 12).

## DISCUSSION

"To prevail on a motion for summary judgment, the movant must make a prima facie showing by submitting evidence that demonstrates the absence of any material issues of fact. Once that initial showing has been made, the burden shifts to the opposing party to show there are disputed facts requiring a trial. All facts are viewed in the light most favorable to the non-moving party" (*Nellenback v Madison County*, —NY3d—2025 NY Slip Op 02263 [2025] [internal citations omitted]).

Here, the Owner met its prima facie burden of summary judgment dismissing the complaint as against it.  The City admitted ownership of the grate, and plaintiff testified that she tripped upon an area in the corner of the grate.

34 RCNY § 2-07 (b) imposes upon the owner of a cover or grating on a street a nondelegable duty of maintenance and repair of the cover or grating, as well as the area extending 12 inches from its perimeter (*Roa v City of New York*, 188 AD3d 504 [1st Dept 2020]; *Storper v Kobe Club*, 76 AD3d 426 [1st Dept 2010]; *Hurley v Related Mgt. Co.*, 74 AD3d 648 [1st Dept 2010]).  "There is nothing in Administrative Code § 7–210 to show that the City Council intended to supplant the provisions of 34 RCNY 2–07 and to allow a plaintiff to shift the statutory obligation of the [owner of the grates] to the abutting property owner" (*Storper*, 76 AD3d at 427).  Thus, "34 RCNY 2–07(b) provides an exception to the landowner's liability with respect to covers and their surrounding street areas" (*Jones v Vornado New York RR One L.L.C.*, 223 AD3d 467, 468 [1st Dept 2024]).

---

[2]The photograph in this decision (used for purposes of illustration) was cropped from the seven photographs in exhibit K.

[* 4]

In opposition, plaintiff argues that the Owner made special use of the sidewalk and grate, because an exterior staircase from the building located at 235 East 53rd Street is "proximate and upon the abutting NYC concrete sidewalk and its vaulted metal grate" (*see* plaintiff's memo of law in opposition to mot at 2 [NYSCEF Doc. No. 53]). Plaintiff submits an affidavit (denominated an affirmation) from March Chadwick, an architect, who opines that "the defendant property owner's Staircase encroachment on, bottom-tread use, and weight load distribution into the sidewalk, grate and vault, caused the subject sidewalk defects – specifically its cracked missing concrete and unlevelness to the metal grate" (*see* affidvait annexed as exhibit B to affirmation of plaintiff's counsel in opposition to mot [NYSCEF Doc. No. 54]).

In reply, the Owner submits an affidavit from Jeffrey J. Schwalje, an engineer who opines, "The broken and missing triangular shaped chipped hole in the concrete at the corner of the subway grate is simply a maintenance issued caused by deterioration; and it is not a structural issue" (*see* exhibit A in reply, Shcwalje aff ¶ 10 [NYSCEF Doc. No. 59]).

Plaintiff's argument of special use is without merit. The Owner did not install the grate and it did not derive any exclusive benefit of the use of the sidewalk, unrelated to public use (*Terilli v Peluso*, 114 AD3d 523 [1st Dept 2014]).

However, the affidavit of plaintiff's expert architect raises a triable issue of fact as to whether the staircase used as a means of egress from the building located at 235 East 53rd Street caused or created the alleged defect. The affidavit from Jeffrey J. Schwalje submitted in reply raises issues of credibility of the parties' respective experts.

Therefore, the Owner's motion for summary judgment is denied.

20250815151752RTSAIDE53CED44E9D404099CBE56E83F06D49

| 8/15/2025 | | | | RICHARD TSAI, J.S.C. | |
| --- | --- | --- | --- | --- | --- |
| DATE | | | | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 5]