Brenes v City of New York (2026 NY Slip Op 00610)

Brenes v City of New York

2026 NY Slip Op 00610

Decided on February 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 10, 2026

Before: Kennedy, J.P., Scarpulla, Gesmer, Mendez, Hagler, JJ. 

Index No. 812868/21|Appeal No. 5796|Case No. 2024-07699|

[*1]Marcos A. Brenes, Plaintiff-Appellant,
vThe City of New York, Defendant-Respondent.

Harris Keenan & Goldfarb PLLC, New York (Waleed Rehman of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Alex Fumelli of counsel), for respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered November 26, 2024, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff alleges that he was injured when he tripped on a hole, approximately two inches deep and less than a foot wide, as he crossed a roadway while outside a crosswalk. According to plaintiff, although there was no ongoing construction work on the road at the time, defendant had done work on the roadway approximately 15 months before the accident.
Defendant established prima facie entitlement to summary judgment by submitting evidence that it did not receive prior written notice of the defect and was therefore exempt from liability under Administrative Code of City of NY § 7-201(c)(2). The burden therefore shifted to plaintiff, who does not dispute the lack of written notice, to demonstrate the applicability of an exception to section 7-201(c)(2) (see Vega v City of New York, 88 AD3d 497, 497 [1st Dept 2011]). Under the facts presented here, the only possible exception is the affirmative creation exception, which imposes liability if a defendant creates a defect by engaging in an affirmative act of negligence that immediately results in a hazardous condition (id. at 497-498).
Plaintiff failed to sustain its burden of showing that the exception applied, as he did not establish that defendant's prior work on the roadway created the defect. Even if defendant did repaving work in the vicinity of plaintiff's fall, that fact by itself does not provide a basis for an inference that the repair resulted in an immediately hazardous condition, and plaintiff has presented no other evidence that defendant created the hazard (see Trentman v City of New York, 162 AD3d 559, 559-560 [1st Dept 2018]; see Epperson v City of New York, 133 AD3d 522, 523 [1st Dept 2015]). The affidavit of plaintiff's expert who inspected the area more than three years after the accident was not sufficient to sustain plaintiff's burden. Although the expert opined that "inferior" work on the roadway caused the defect, this opinion, even if true, does not raise an issue of fact whether any negligence by defendant immediately resulted in a dangerous condition (see Kales v City of New York, 169 AD3d 585, 585 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 10, 2026