■ ALATEN Co. INC., Doing Business as FROMEX INC., et al., Respondents, v SOLIL MANAGEMENT CORP. et al., Appellants.— Order, Supreme Court, New York County (Alfred Toker, J.), entered on or about January 18, 1991, which, *inter alia,* granted plaintiffs' motion to compel discovery to the extent of directing defendants to provide plaintiffs with (1) a complete copy of each of the leases in effect as of October 17, 1988; (2) rent rolls, maintenance records, tenants' complaints, repairs to apartments and public areas of the building for the periods 1986, 1987, and 1988; and (3) information requested in item 11 of plaintiffs' demand for discovery and inspection for the years 1986, 1987 and 1988, unanimously modified, on the law and on the facts and in the exercise of discretion, to strike item 9 and direct defendants instead to furnish a list of all tenants occupying the premises on October 17, 1988, to strike from item 10 the demand for records of expenses and to strike that part of item 11 relating to evictions, and, except as thus modified, affirmed, without costs or disbursements.

Plaintiffs, commercial tenants occupying the first floor of certain premises owned and managed by defendants, seek to recover $121,115.32 in property damage allegedly sustained as a result of a fire originating in a vacant fifth floor apartment of the premises. Plaintiffs claim that defendants were negligent in permitting vagrants to enter and use the premises. At issue is the proper scope of plaintiffs' demand for discovery and inspection. It should be noted that defendants did not seek a protective order with respect to the demand. Nor did they comply, prompting plaintiffs to move to compel. It is well established that failure to move timely for a protective order precludes inquiry into the propriety of the discovery demands unless they are " 'palpably improper' ". (*Zurich Ins. Co. v State Farm Mut. Auto. Ins. Co.,* 137 AD2d 401, quoting *Wood v Sardi's Rest. Corp.,* 47 AD2d 870, 871.) With that rule as our guide, we believe that item 9, which demands copies of all the leases in effect at the time of the fire, cannot be justified merely because one or more of the tenants identified in the various leases might be able to provide relevant information regarding the fire. The furnishing of copies of all of the leases, the contents of which would not be relevant, would be unnecessarily burdensome and oppressive when a simple listing of

the tenants would suffice. Item 10, as modified by the IAS court, demands rent rolls and records of expenses for the entire premises for the three-year period before the fire and, to that extent, is overly broad and far beyond what is required to ascertain whether proper security existed at the premises and hazardous materials and dangerous conditions were removed. Item 11, which generally seeks records of incidents involving property damage and criminal activity on the premises, is proper except insofar as it seeks records of evictions during the years in question. Concur—Sullivan, J. P., Milonas, Ellerin and Kupferman, JJ.