■ GLADYS REYES, Respondent, v CITY OF NEW YORK, Appellant. [882 NYS2d 64]—

Order, Supreme Court, Bronx County (Lucy Billings, J.), entered May 16, 2008, which, insofar as appealed from as limited by the briefs, in this action for personal injuries, denied defendant's motion to set aside the jury's verdict finding it 100% liable, but granted its motion to the extent of directing a new trial on the issue of damages unless plaintiff stipulated to a reduction of the awards of $2,000,000 for past pain and suffering and $2,000,000 for future pain and suffering (10 years) to $1,500,000 and $750,000, respectively, unanimously affirmed, without costs.

Although "[t]he awareness of one defect in the area is insufficient to constitute notice of a different particular defect which caused the accident" (*Roldan v City of New York*, 36 AD3d 484 [2007]), where there are factual issues as to the precise location of the defect that caused a plaintiff's fall and whether the defect is designated on the map, the question should be resolved by the jury (*see Almadotter v City of New York*, 15 AD3d 426, 427 [2005]; *Johnson v City of New York*, 280 AD2d 271, 272 [2001]).

Here, plaintiff testified that the broken curb caused her foot to slip into the hole abutting the curb, where she fell and broke her ankle and wrist. The Big Apple map showed an extended portion of broken or misaligned curb, as indicated by two "x's" connected by a straight line. The testimony at trial established that the defect, as depicted in the photographs in evidence, corresponded to the broken curb as marked on the map, that such defects would be noted on the Big Apple map as a "curb defect" because the curb was broken and misaligned, and that a curb defect "also encompassed whatever happens at that particular location." Such evidence provided a sufficient basis for the jury to conclude that defendant had prior written notice of the defect.

The trial court providently exercised its discretion in granting plaintiff leave to amend her pleadings on the eve of trial to allege prior written notice, where such amendment did not prejudice or surprise defendant (CPLR 3025 [b]; *see Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]; *Mezzacappa Bros., Inc. v City of New York*, 29 AD3d 494 [2006], *lv denied* 7 NY3d 712 [2006]). Plaintiff alleged actual notice in her initial pleadings, and based on the service of a notice to admit attaching the Big Apple map and receipt of the map by the Department of Transportation, defendant was aware at least five years prior to trial that plaintiff intended to rely upon prior written notice.

The jury's finding that plaintiff was not comparatively negligent was based upon a fair interpretation of the evidence (*see e.g. McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [2004]).

The awards of damages for past and future pain and suffering, as reduced by the trial court, do not deviate from what would be reasonable compensation for the significant injuries plaintiff sustained to her ankle and wrist (*see e.g. Bingham v New York City Tr. Auth.*, 25 AD3d 433 [2006], *affd* 8 NY3d 176 [2007]). Concur—Mazzarelli, J.P., Andrias, Nardelli, DeGrasse and Abdus-Salaam, JJ. [*See* 20 Misc 3d 1134(A), 2008 NY Slip Op 51726(U).]