■ ANGEL CRUZADO, an Infant, by His Father and Natural Guardian, REINALDO FERREIRO, et al., Appellants, v CITY OF NEW YORK et al., Respondents. [915 NYS2d 548]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered July 6, 2010, which granted defendants' motion for summary judgment dismissing the complaint, and denied plaintiffs' cross motion to amend the complaint, unanimously reversed, on the law, without costs, the cross motion for leave to

amend the complaint granted, the motion for summary judgment denied, and the complaint reinstated.

The infant plaintiff was injured when his roller blades allegedly made contact with a steel beam separating bricks from asphalt pavement at a park entranceway. Plaintiffs moved for leave to amend the complaint so as to allege that the City had received prior written notice of the dangerous and defective condition (*see* Administrative Code of City of NY § 7-201 [c] [2]), in the form of a Big Apple map. The motion should have been granted (*see* CPLR 3025 [b]; *Reyes v City of New York*, 63 AD3d 615, 616 [2009], *lv denied* 13 NY3d 710 [2009]). Defendants argue that prior written notice was a new theory of liability not alleged in the notice of claim. However, plaintiff's notice of claim, their original complaint, and their bill of particulars consistently alleged actual notice. The notice of claim was timely served, and the General Municipal Law § 50-i statute of limitations did not bar an amendment to the complaint (*see Runyan v Board of Educ.*, 121 AD2d 708, 709 [1986]). Furthermore, there is no evidence that defendants would be prejudiced by the amendment.

The markings on the Big Apple map were sufficient to raise an issue of fact as to whether the City had prior written notice of the particular defect (*see Reyes v City of New York*, 63 AD3d at 616). Concur—Gonzalez, P.J., Sweeny, Acosta, Freedman and Abdus-Salaam, JJ.