KRISTEN HAUNSS, Appellant, v CITY OF NEW YORK, Respondent. [953 NYS2d 211]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered December 20, 2011, which denied plaintiff's motion to renew, unanimously reversed, on the law, without costs, the motion granted and, upon renewal, the motion for leave to amend the notice of claim granted, insofar as it sought to allege that defendant caused and/or created the subject condition.

Supreme Court should have granted plaintiff's motion to renew. There is no dispute that the motion was based upon "new facts" that were unavailable to plaintiff when she moved for leave to amend the notice of claim. It was only after that motion had been denied that defendant furnished plaintiff with the various complaint reports showing that repairs had been completed at the intersection shortly before plaintiff's accident. Thus, plaintiff had a "reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]).

As to the merits of the motion for leave to amend the notice of claim, the amendment seeking to allege that defendant caused and/or created the condition is not a substantive amendment under General Municipal Law § 50-e (6) (*see Van Buren v New York City Tr. Auth.*, 95 AD3d 604 [1st Dept 2012]). The notice of claim sounds in negligence and alleges that plaintiff suffered personal injuries, and alleging that defendant was negligent by causing or creating the subject condition is not, as defendant contends, the addition of a new theory of liability (*see Cooke v City of New York*, 95 AD3d 537 [1st Dept 2012]; *Browne v City of New York*, 67 AD3d 620 [2d Dept 2009]; *Goodwin v New York City Hous. Auth.*, 42 AD3d 63 [1st Dept 2007]; *Jackson v New York City Tr. Auth.*, 30 AD3d 289, 291-292 [1st Dept 2006]). The proposed amendments to the notice of claim do not change the location or type of defect alleged in the original notice of claim. Concur—Tom, J.P., Sweeny, Acosta, DeGrasse and Richter, JJ.