■ OLGA KAPILEVICH, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [960 NYS2d 39]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered on or about October 25, 2011, which, insofar as appealed from, granted the cross motion of defendant City of New York for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.

The City established its entitlement to judgment as a matter of law in this action where plaintiff alleges that she tripped and fell on a metal vault cover located within a crosswalk after it suddenly began to shake. The City submitted evidence showing that it did not have prior written notice of the condition that caused plaintiff to fall (*see* Administrative Code of City of NY § 7-201 [c] [2]).

In opposition, plaintiff failed to raise a triable issue of fact. Neither the permits issued by the City for the location nor the notice of violation issued by the Department of Environmental Protection for an unspecified failure by nonparty Consolidated Edison to comply with the terms and conditions of a Department of Transportation (DOT) permit provided the City with prior written notice of the loose metal vault cover (*see Laing v City of New York*, 71 NY2d 912, 914 [1988]).

Moreover, although the motion court improperly resolved factual issues in determining that plaintiff could not rely on a DOT record of a noisy plate in the area, on appeal, the City relies on an argument that was not raised below, namely, that a citizen complaint made through its 311 system does not constitute prior written notice. This Court will consider the argument because the issue is one of law which appears on the face of the record and could not have been avoided by plaintiff had it been raised by the City at the proper juncture (*see Chateau D' If*

*Corp. v City of New York*, 219 AD2d 205, 209 [1st Dept 1996], *lv denied* 88 NY2d 811 [1996]). Since a verbal or telephonic communication to a municipal body that is reduced to writing cannot satisfy the prior written notice requirement, there is no issue of fact for a jury to resolve (*see Gorman v Town of Huntington*, 12 NY3d 275, 280 [2009]; *Batts v City of New York*, 93 AD3d 425, 426 [1st Dept 2012]).

Contrary to plaintiff's argument that the City was required to support its cross motion with affidavits or deposition transcripts from individuals with actual knowledge of the DOT's record search, supporting proof placed before the court by way of an attorney's affidavit will not defeat a party's right to summary judgment (*see Olan v Farrell Lines*, 64 NY2d 1092, 1093 [1985]). The testimony of the City's witness as to the DOT search that was conducted by another DOT record searcher was sufficient, because his testimony indicated that the other employee had searched the agency's records and that no prior written notice of the complained-of condition was found (*see Campisi v Bronx Water & Sewer Serv.*, 1 AD3d 166 [1st Dept 2003]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Andrias, J.P., Saxe, DeGrasse, Abdus-Salaam and Feinman, JJ.