■ Ana Vega, Appellant, v 103 Thayer Street, LLC, Defendant, and City of New York, Respondent. [961 NYS2d 467]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered on or about June 23, 2011, which, to the extent appealed from, granted defendant City's cross motion for summary judgment dismissing the complaint, and order, same court and Justice, entered January 17, 2012, which, upon reargument, adhered to the original determination, reversed, on the law, without costs, and the City's cross motion denied.

In this personal injury action, plaintiff alleges that she tripped and fell as a result of a hole in a pedestrian ramp. The City failed to make a prima facie showing of entitlement to judgment as a matter of law, because the markings on the Big Apple map it submitted in support of its cross motion raise an issue of fact as to whether it had prior written notice of the alleged defect (*see Cruzado v City of New York*, 80 AD3d 537, 538 [1st Dept 2011]; *Burwell v City of New York*, 97 AD3d 617, 618-619 [2d Dept 2012], *lv denied* 20 NY3d 860 [2013]). Concur—Sweeny, Feinman and Gische, JJ.

Andrias, J.P., and Freedman, J., dissent in a memorandum by Andrias, J.P., as follows: Plaintiff seeks to recover for personal injuries she allegedly sustained when she tripped and fell as a result of a hole on the pedestrian ramp located at the northeast corner of Broadway and Thayer Street. The City moved for summary judgment on the ground that plaintiff could not prove prior written notice to the City as required under Administrative Code of the City of New York § 7-201 (c) (2) because the Big Apple map received by the Department of Transportation (DOT)

on October 23, 2003 did not indicate the specific marking (a circle) for a "hole or other hazardous depression" at the location of the accident. Supreme Court granted the motion and, upon reargument, adhered to its original determination.

The majority would reverse on the ground that the City failed to make a prima facie showing of entitlement to judgment as a matter of law because the markings on the Big Apple map it submitted raise an issue of fact as to whether it had prior written notice of the alleged defect. Because I believe that the Big Apple map did not provide the City with notice of the condition on the pedestrian ramp which plaintiff alleges caused her to trip and fall, I dissent.

When a Big Apple map is used to satisfy the prior written notice requirement, the type and location of the defect must be precisely noted on the map (see D'Onofrio v City of New York, 11 NY3d 581 [2008]; Roldan v City of New York, 36 AD3d 484 [1st Dept 2007] [marking on the Big Apple map indicating a cracked sidewalk was not prior written notice of round hole in the same location]).

In D'Onofrio, and its companion case, Shaperonovitch v City of New York, the Court of Appeals found the Big Apple maps did not give the City notice of the claimed defect. In D'Onofrio, the symbol on the map was a straight line, indicating a "raised or uneven portion of a sidewalk" (11 NY3d at 584). The Court of Appeals held that the verdict in D'Onofrio's favor had been correctly set aside since there was no evidence that he walked across a raised or uneven portion of the sidewalk. In Shaperonovitch, the Court of Appeals explained: "The problem in Shaperonovitch is in a way the reverse of that in D'Onofrio: the nature of the defect that caused the accident is clear, but the symbol on the Big Apple map is not. Ms. Shaperonovitch testified that she tripped over an 'elevation on the sidewalk.' No unadorned straight line, the symbol for a raised portion of the sidewalk, appears on the Big Apple map at the relevant location. The Shaperonovitch plaintiffs rely on a symbol that does appear there: it is a line with a diamond at one end and a mark at the other that has been variously described as a poorly drawn X, the Hebrew letter shin, or a pitchfork without the handle. No symbol resembling this appears in the legend to the map" (id. at 585).

The Court of Appeals rejected Shaperonovitch's argument that the symbol on the map was "ambiguous" and that its interpretation is for the jury, stating, "[W]e do not see how a rational jury could find that this mark conveyed any information at all. Because the map did not give the City notice of the

defect, the City was entitled to judgment as a matter of law" (*id.*).

This case is analogous to *Shaperonovitch*. There are no factual issues as to the precise location or nature of the defect that purportedly caused plaintiff's fall—plaintiff tripped on a hole on the pedestrian ramp. A record searcher for DOT stated that the symbol on the map that is most proximate to the location of plaintiff's accident (the northeast corner of Thayer and Broadway) is a horizontal line connecting two perpendicular lines that also purports to have a circle superimposed where the horizontal and perpendicular lines meet on each end. This ambiguous symbol does not match the symbol for an "[e]xtended section of holes or hazardous depressions," which is depicted by a horizontal line connecting two circles. Nor does it match the symbol for a "[h]ole or hazardous depression," which is depicted by a single circle.

At oral argument, plaintiff identified another symbol on the map, which may be a circle. However, that symbol, which may also be a small rectangle, is ambiguous. In any event, the symbol appears in the middle of the intersection and does not relate to the location on the pedestrian ramp where plaintiff's accident occurred (*see Belmonte v Metropolitan Life Ins. Co.*, 304 AD2d 471, 473 [1st Dept 2003] [symbol which denoted an "extended section of raised or uneven sidewalk," which ran parallel to the curb was insufficient to constitute prior written notice because the defect at issue was perpendicular to the curb]).

Because the ambiguous symbol depicted at the location of the accident did not give the City notice of the defect which caused plaintiff to trip an fall, the City established its prima facie entitlement to summary judgment. In opposition, plaintiff failed to raise a triable issue of fact. Accordingly, the City is entitled to summary judgment dismissing the complaint insofar as asserted against it.