■ SAMANTHA JAGOPAT, Respondent, v CITY OF NEW YORK, Appellant. [973 NYS2d 150]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered April 25, 2012, as modified by order entered August 9, 2012, which, to the extent appealed from, directed respondent City of New York to conduct a Department of Transportation records search for the entire length of the Bruckner Expressway in both directions, including 311 complaints for the same geographical span, and to produce for deposition a witness with knowledge as to the aforementioned search by September 7, 2012, unanimously reversed, on the law and the facts, without costs, and those provisions stricken from the order.

In this action for personal injuries, plaintiff alleges that she was injured on March 27, 2004, while traveling southbound on the Bruckner Expressway at or near the intersection of Soundview Avenue when the motor vehicle she was operating struck an open or missing steel storm drain/grate and crashed into a concrete barrier wall. She commenced this action against defendant City which owns and maintains the Bruckner Expressway, including the storm grates embedded in the roadway. After plaintiff moved to strike the City's answer for

failing to respond to her discovery demands, the motion court issued an interim order dated April 25, 2012, directing the City to perform, inter alia, a search of the records maintained by the New York City Department of Transportation (DOT) for the entire length of the Bruckner Expressway, in both directions, including 311 complaints for the same geographical span, for a time period of two years prior to and including the date of the accident, and to produce a witness with knowledge as to the aforementioned DOT search.

By notice of motion dated May 25, 2012, the City moved for modification of the order, seeking to have the aforementioned provisions removed and for an enlargement of time to respond to the order. While the motion was pending, the City produced a witness who testified that she conducted a DOT records search for the Bruckner Expressway between Exits 49 and 53 in both directions, which included the alleged location of the accident, and a search of records of 311 calls regarding the same geological span, for the two years prior to and including the date of the accident. The motion court granted the City's motion to the extent of enlarging its time to respond until September 7, 2012.

Contrary to plaintiff's arguments that the records sought are material and necessary to the prosecution of her case, the fact that the City may have received complaints regarding missing grates on other parts of the Bruckner Expressway will not establish that it had the required written notice of the specific defect alleged in the notice of claim to have caused her injury (*see* Administrative Code of City of NY § 7-201 [c] [2]; *Bielecki v City of New York*, 14 AD3d 301, 301-302 [1st Dept 2005]). Furthermore, plaintiff does not argue that the witness who was deposed was not competent to testify or that her search of the DOT records for the accident location was defective.

Under these circumstances, the provisions in the order, to the extent that they direct the City to conduct a DOT record search for the entire span of the Bruckner Expressway in both directions, including 311 calls for the same geological span, for a time period of two years prior to and including the date of the accident, and to produce a witness with knowledge of the aforementioned search, are palpably improper and should be stricken from the order, despite the City's failure to timely object thereto under CPLR 3122 (*Haller v North Riverside Partners*, 189 AD2d 615, 616 [1st Dept 1993]; *Alaten Co. v Solil Mgt. Corp.*, 181 AD2d 466, 466 [1st Dept 1992]). Concur—Mazzarelli, J.P., Andrias, Freedman and Gische, JJ.