■ SANDRA HAULSEY, Respondent, v CITY OF NEW YORK, Appellant, CONSOLIDATED EDISON COMPANY OF NEW YORK INC., Defendant, and NICO ASPHALT PAVING, INC., Respondent. [999 NYS2d 400]—

Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered August 19, 2013, which denied the motion of defendant City of New York for summary judgment dismissing the complaint and cross claims as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

The City established its entitlement to judgment as a matter of law in this action where plaintiff was injured when, while walking within a crosswalk, her foot became stuck in a pothole causing her to fall. The City showed that it was not provided

with prior written notice of the subject pothole (*see* Administrative Code of City of NY § 7-201 [c] [2]), and the remaining defendant's contention that plaintiff's 311 calls, permits issued to Consolidated Edison, and repair orders (FITS reports) regarding potholes in the vicinity of the accident 19 months earlier satisfied the "written acknowledgment" alternative under Administrative Code § 7-201 (c) (2), is unavailing (*see e.g. Bruni v City of New York*, 2 NY3d 319 [2004]).

Plaintiff's 311 calls were insufficient to satisfy the statutory requirement, even if her complaints were reduced to writing (*see Gorman v Town of Huntington*, 12 NY3d 275, 280 [2009]), and permits issued to other parties do not show notice of the defective condition (*see Kapilevich v City of New York*, 103 AD3d 548 [1st Dept 2013]). The FITS reports were also insufficient because it was unclear whether any of the potholes that were repaired 19 months prior to the accident was the pothole that caused plaintiff's fall. Furthermore, there was no evidence that the City's repairs "immediately result[ed] in the existence of a dangerous condition" (*Bielecki v City of New York*, 14 AD3d 301, 301 [1st Dept 2005]; *see also Rosenblum v City of New York*, 89 AD3d 439 [1st Dept 2011]). Concur—Sweeny, J.P., DeGrasse, Manzanet-Daniels, Feinman and Gische, JJ. ■