■ GLENDA STOLLER, Respondent, v CITY OF NEW YORK, Appellant. [2 NYS3d 357]—

Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered June 24, 2013, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the complaint based on lack of prior written notice of a defect, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

The City met its prima facie burden of demonstrating that it did not receive prior written notice of the crosswalk defect that plaintiff identified as the cause of her fall, and that there was no written acknowledgment of that defect (*see* Administrative Code of City of NY § 7-201 [c] [2]). The City's records of citizen reports of two potholes in the area and FITS reports of repairs made to potholes in front of a building on Canal Street did not provide the City with prior written notice of the particular defect in the crosswalk where plaintiff fell (*see Haulsey v City of New York*, 123 AD3d 606 [1st Dept 2014]; *Boniello v City of New York*, 106 AD3d 612 [1st Dept 2013]). Nor did the FITS reports, which indicate that seven potholes in the area were made safe, constitute written acknowledgment of another defective condition that needed repair. "The awareness of one defect in the area is insufficient to constitute notice of a different particular defect which caused the accident" (*Roldan v City of New York*, 36 AD3d 484, 484 [1st Dept 2007]).

In opposition, plaintiff did not demonstrate that any exception to the statutory notice requirement applies (*see Yarborough v City of New York*, 10 NY3d 726, 728 [2008]). The opinion of plaintiff's expert that the City's repair crew should have seen and repaired the pothole that caused her accident is insufficient to raise an issue of fact because actual or constructive

notice of a defect does not satisfy the statutory notice requirement (*Amabile v City of Buffalo*, 93 NY2d 471, 475-476 [1999]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Clark and Kapnick, JJ.