Hued v City of New York (2019 NY Slip Op 02266)





Hued v City of New York


2019 NY Slip Op 02266


Decided on March 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2019

Sweeny, J.P., Richter, Tom, Kapnick, Oing, JJ.


8776 152581/12

[*1]Roberto Hued, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Hach & Rose, LLP, New York (Robert F. Garnsey of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Elina Druker of counsel), for respondents.



Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered December 12, 2017, which granted defendants' (together, the City) motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The City established that it lacked prior written notice of the subject condition by submitting affidavits by record searchers employed by the Department of Transportation and nonparty Department of Environmental Protection (DEP) concerning the searches they conducted of the records in their respective agencies' possession, which showed that the City received no written complaints about the subject sunken catch basin in the two years preceding the day of plaintiff's accident (see Campisi v Bronx Water & Sewer Serv., 1 AD3d 166 [1st Dept 2003]; Administrative Code of City of NY § 7-201[c][2]).
Contrary to plaintiff's contention, the customer service reports (CSRs) dated August 18, 2011 and September 1, 2011, which were made telephonically through the City's 311 system, do not satisfy the prior written notice requirement (see Kapilevich v City of New York, 103 AD3d 548, 549 [1st Dept 2013]). Furthermore, the September 16, 2011 and September 26, 2011 work orders created by the City in response to the aforementioned CSRs do not raise an issue of fact whether the City issued a "written acknowledgment" of the allegedly defective catch basin (see Administrative Code 7-201[c][2]), because the area inspected and/or repaired, as reflected in the work orders, was at the southwest corner of the intersection, and it is undisputed that the accident happened on the east side of the intersection (see Haulsey v City of New York, 123 AD3d 606, 607 [1st Dept 2014]).
The City's awareness of one defect in the area is insufficient to constitute notice of another defect that caused the accident (see Worthman v City of New York, 150 AD3d 553, 554 [1st Dept 2017]). In any event, neither actual nor constructive notice of the defect may substitute for prior written notice (Campisi, 1 AD3d at 167).
Nor was a triable issue of fact whether the City issued a written acknowledgment of the alleged defect raised by DEP's witness's testimony about inspecting damaged catch basins in the area during a site visit. Nothing in the record shows that the purported inspection of the accident location resulted in an intra-departmental report or a work order being issued to repair the subject catch basin. Plaintiff's contention that the September 1, 2011 CSR's description could have [*2]referred to the subject catch basin is unavailing, because the CSR states that it pertains to the basin located at the southwest corner of the intersection, not the east side of the intersection (see Boniello v City of New York, 106 AD3d 612 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2019
CLERK