Merrill v City of New York (2019 NY Slip Op 03672)





Merrill v City of New York


2019 NY Slip Op 03672


Decided on May 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2019

Sweeny, J.P., Gische, Tom, Gesmer, Singh, JJ.


9263 155587/15

[*1]Ashlee Merrill, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Michael H. Zhu, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Blake Ahlberg of counsel), for The City of New York, respondent.
Smith Mazure Director Wilkins Young & Yagerman, P.C., New York (Louise Cherkis of counsel), for E.E. Cruz & Tully Construction Company, respondent.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered August 11, 2017, which granted the motions of defendants City of New York and E.E. Cruz & Tully Construction Company (C & T) for summary judgment dismissing the complaint, unanimously affirmed, without costs.
C & T established prima facie entitlement to judgment as a matter of law, in this action where plaintiff alleges that she was injured when she tripped and fell on two potholes in the roadway. C & T submitted, inter alia, the testimony of its employee that neither C & T nor its contractors performed any above-ground work near the site of plaintiff's accident. In opposition, plaintiff referred to road opening permits that were issued to C & T, but this did not raise a triable issue since C & T's employee explained that the permits were used to establish a lay up area and C & T did not perform roadwork in the area of plaintiff's fall (see Ingles v Architron Designers & Bldrs, Inc., 136 AD3d 605 [1st Dept 2016]; Bermudez v City of New York, 21 AD3d 258 [1st Dept 2005]).
Furthermore, in opposition to the City's showing that it did not have prior written notice of the subject potholes (see Administrative Code of City of NY § 7-201[c][2]), plaintiff failed to raise an issue of fact. The work orders and citizen complaint cited by plaintiff were insufficient since the complaint was made by telephone and there was no evidence that the potholes repaired pursuant to the work orders were the same potholes that caused plaintiff's fall (see Stoller v City of New York, 126 AD3d 452 [1st Dept 2015]; Hausley v City of New York, 123 AD3d 606 [1st Dept 2014]). Plaintiff failed to establish that the affirmative negligence exception to the Pothole Law applied, because she submitted no evidence that the City undertook any work that immediately resulted in the potholes (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 9, 2019
CLERK