Castro v 243 E. 138th St., LLC (2021 NY Slip Op 00107)





Castro v 243 E. 138th St., LLC


2021 NY Slip Op 00107


Decided on January 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 12, 2021

Before: Renwick, J.P., Kern, Mazzarelli, Kennedy, Shulman, JJ. 


Index No. 24674/17E Appeal No. 12820 Case No. 2020-02554 

[*1]Luis Castro, Plaintiff-Appellant,
v
243 E. 138th St., LLC, et al., Defendants-Respondents.


Ami Morgenstern, PLLC, Long Island City (Marc Andrew Williams of counsel), for appellant.
Nicolini, Paradise, Ferretti & Sabella, PLLC, Mineola (Anthony J. Abruscati of counsel), for 243 E. 138th St., LLC and Quickprinter, Inc., respondents.
James E. Johnson, Corporation Counsel, New York (Barbara Graves-Poller of counsel), for City of New York, respondent.



Order Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered May 4, 2020, which granted defendant City of New York's motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion denied.
The City's motion for summary judgment was improperly granted in this action where plaintiff was injured when he tripped and fell in a hole between a tree well and the sidewalk. According to plaintiff, the dirt in the tree well was lower than the sidewalk. The City had the obligation to maintain the tree well located in the sidewalk in a safe condition (see Administrative Code of City of NY § 7-210; Vucetovic v Epsom Downs, Inc., 10 NY3d 517 [2008]). The size, shape, configuration and location of the Big Apple Map's line markings in the same area of the sunken tree well, which indicate a raised or uneven portion of the sidewalk, "raise an issue of fact as to whether the City had prior written notice of the particular defect" (Cruzado v City of New York, 80 AD3d 537, 538 [1st Dept 2011]). Although plaintiff's testimony and averments in regard to the precise precipitating cause of his fall are somewhat inconsistent, his consistent statements that a hole in an area between the sidewalk and tree well was a factor in causing him to fall raise triable issues as to whether a tree well defect contributed to his fall. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2021