**Lik v City of New York**

2024 NY Slip Op 31433(U)

April 23, 2024

Supreme Court, New York County

Docket Number: Index No. 161009/2017

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | HON. HASA A. KINGO | PART | 05M |
| | *Justice* | | |

-------------------------------------------------------------------------------X

SERVETA LIK,

               Plaintiff,

           - v -

THE CITY OF NEW YORK, TAHOR 26 OWNER LLC,295
MADISON PROPERTY OWNER LLC,BPY MANAGEMENT
LLC,BSD 295 PROPERTY MANAGEMENT LLC,ERETZ
GROUP 26 LLC,STARBUCKS CORPORATION, GRAND
CENTRAL PARTNERSHIP, INC.,

               Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 161009/2017 |
| **MOTION DATE** | 02/16/2023, 02/17/2023, 02/17/2023 |
| **MOTION SEQ. NO.** | 004 005 006 |

**DECISION + ORDER ON MOTION**

THE CITY OF NEW YORK

               Plaintiff,

           -against-

GRAND CENTRAL DISTRICT MANAGEMENT
ASSOCIATION, INC.

               Defendant.

-------------------------------------------------------------------------------X

Third-Party
Index No. 596017/2021

The following e-filed documents, listed by NYSCEF document number (Motion 004) 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 222, 225, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 252, 253, 254, 255

were read on this motion to/for         JUDGMENT - SUMMARY        .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 223, 226, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 259, 260

were read on this motion to/for         DISMISSAL        .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 224, 227, 251, 256, 257, 258

were read on this motion to/for         JUDGMENT - SUMMARY        .

161009/2017  LIK, SERVETA vs. CITY OF NEW YORK          Page 1 of 10
Motion No.  004 005 006

1 of 10

[* 1]

In the above-captioned matter, Defendant GRAND CENTRAL PARTNERSHIP, INC. ("GCP") moves, pursuant to CPLR §3212, for summary judgment and an order dismissing Plaintiff Lik Serveta's ("Plaintiff") complaint as against it because GCP alleges that Plaintiff cannot show negligence with respect to GCP. Separately, Defendant/Third Party Plaintiff, THE CITY OF NEW YORK ("City") moves, pursuant to CPLR §3211(a)(7), for an order dismissing Plaintiff's Amended Complaint for failure to satisfy a condition precedent – where the notice of claim and Amended Complaint do not assert nor plead prior written notice as a theory of liability. In addition the City moves, pursuant to CPLR §3212, for an order granting the City summary judgment, dismissing the Amended Complaint and any cross-claims against it, and striking its name from the caption, or, in the alternative should the City's motion be denied, an order granting the City contractual/common law indemnification enforcing the contract between the City and Third Party Defendant GRAND CENTRAL DISTRICT MANAGEMENT ASSOCIATION, INC. ("GCDMA"). Finally, Defendants TAHOR 26 OWNER LLC, 295 MADISON PROPERTY OWNER LLC, BPY MANAGEMENT LLC, BSD 295 PROPERTY MANAGEMENT LLC, AND ERETZ GROUP 26 LLC (collectively "Defendant Owners") move, pursuant to CPLR §3212, for an order dismissing Plaintiff's complaint and all cross-claims against Defendant Owners, with prejudice, on the grounds that said defendants, as the abutting landowner(s), did not create the alleged defective condition and were not responsible for the maintenance of the pedestrian ramp within the meaning of Administrative Code Section §7-210. Plaintiff opposes the motions, in part, and cross-moves for affirmative relief from this court with respect to GCP and the City's motions.

## BACKGROUND AND ARGUMENTS

Plaintiff's claims arise from a trip and fall Plaintiff alleges Plaintiff suffered on December 30th, 2016. Plaintiff alleges that Plaintiff tripped and fell on a defective tile in the pedestrian ramp portion of the sidewalk adjacent to a building located at 295 Madison Avenue New York, New York, 10018 (proximal to the southeast corner of the intersection between 41st Street and Madison Avenue).

In support of its motion, GCP contends that summary judgment in its favor is warranted because the alleged defect is trivial, and therefore not actionable. GCP further contends that it did not have constructive or actual notice of the alleged defect. Indeed, GCP states that it never received any notice of defects in the area where Plaintiff's accident occurred, and underscores the fact that Plaintiff passed the area many times prior to the accident and never noticed the alleged defect. GCP annexes the affirmation of an expert who opines that the rise of the edge between the two tiles in question was a quarter of an inch, which does not require any actionable repairs because it is not considered a tripping hazard or a substantial defect by modern Building Codes and Industry standards.

In opposition, Plaintiff cross-moves to preclude GCP's expert. In support of the cross-motion, Plaintiff avers that Plaintiff served a demand for expert disclosures on April 13, 2018, and GCP served its expert response several years later (February 2, 2023), before immediately filing its instant motion for summary judgment. Notwithstanding, Plaintiff alleges that there is an issue of fact regarding the defect and that there was a height differential of about three-quarters of an inch to a half inch between the tiles. Plaintiff contends that there is no minimal height or depth to

161009/2017   LIK, SERVETA vs. CITY OF NEW YORK
Motion No.  004 005 006

Page 2 of 10

2 of 10

make a defect actionable. Consequently, Plaintiff argues that GCP and Plaintiff's differing accounts with respect to the height of the alleged defect raises an issue of fact for a jury to resolve. In response, GCP argues that its expert evidence should not be disregarded just because the expert was disclosed after Plaintiff's filing of a note of issue.

In support of its separate motion, the City argues that dismissal of Plaintiff's complaint is warranted for Plaintiff's failure to assert or plead prior written notice In addition, the City contends that summary judgment is warranted in its favor because it did not have prior written notice of the defect and did not cause or create the defect. Should summary judgment be denied, the City contends that pursuant to an agreement with GCDMA it is entitled to contractual and common-law indemnification. Plaintiff cross-moves to amend Plaintiff's notice of claim to include the words, "prior written notice." The City opposes the amendment, and argues that allowing Plaintiff to amend her notice of claim would be adding a new substantive theory of liability to the case. In addition, the City contends that Plaintiff does not present any evidence to rebut the City's prima facie showing that it lacked prior written notice of the specific defect alleged.

Finally, in support of their motion Defendant Owners contend that pedestrian ramp was indisputably owned by GCP pursuant to several contracts between the City and GCP, and later GCDMA. Defendant Owners point to the contracts between the City and GCP/GCDMA to establish that they had no duty to maintain the granite portion of the sidewalk where Plaintiff fell. Defendant Owners' motion is unopposed, except that Plaintiff opposes that portion of the motion regarding costs and disbursements.[1]

## DISCUSSION

In order to prevail on a motion for summary judgment, the proponent must make a prima facie showing of entitlement to judgment as a matter of law, through admissible evidence demonstrating the absence of any material issue of fact (*see Klein v. City of New York*, 89 NY2d 883 [1996]; *Ayotte v. Gervasio*, 81 NY2d 1062 [1993]). Once the moving party has satisfied these standards, the burden shifts to the opponent to rebut that prima facie showing, by producing contrary evidence in admissible form sufficient to require a trial of material factual issues (*Amatulli v. Delhi Constr. Corp.*, 77 NY2d 525 [1999]).

Summary judgment is a drastic remedy. Therefore, the court's function on a motion for summary judgment is issue finding rather than issue determination (*Stillman v Twentieth Century Fox Film Corp.*, 3 NY2d 395 [1957]). Since summary judgment is a drastic remedy, it should not be granted where there is any doubt as to the existence of a triable issue (*Rotuba Extruders v Ceppos*, 46 NY2d 223 [1978]). The burden on the movant is a heavy one, and the facts must be viewed in the light most favorable to the non-moving party (*Jacobsen v New York City Health & Hosps. Corp.*, 22 NY3d 824 [2014]).

On a motion to dismiss for failure to state a cause of action under CPLR §3211 (a)(7), courts afford the pleadings a liberal construction, accept the facts as alleged in the complaint as true, and give the plaintiff the benefit of every possible favorable inference. (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *JF Capital Advisors, LLC v Lightstone Group*, LLC, 25 NY3d 759, 764

---

[1] At oral argument on April 23, 2024, Defendant Owners clarified that no costs and disbursements are being sought.

**161009/2017   LIK, SERVETA vs. CITY OF NEW YORK**                    **Page 3 of 10**
**Motion No.  004 005 006**

[2015].) Ordinarily, the court's inquiry is limited to assessing the legal sufficiency of the plaintiff's pleadings; accordingly, the court's only function is to determine whether the facts as alleged fit within a cognizable legal theory (*JF Capital Advisors*, 25 NY3d at 764, *supra*). However, where the complaint consists of bare legal conclusions with no factual specificity (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]) or where the statements in a pleading are not sufficiently particular to give the court and parties notice of the transactions and/or occurrences intended to be proven (CPLR §3013; *Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC*, 31 NY3d 1090, 1091 [2018]), the motion to dismiss should be granted. Indeed, "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (*Garber v Board of Trustees of State Univ. of NY*, 38 AD3d 833, 834 [2d Dept 2007], *quoting Maas v Cornell* Univ., 94 NY2d 87, 91 [1999]). CPLR §2013, states that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." Thus, conclusory allegations will not suffice (*see DiMauro v Metropolitan Suburban Bus Auth*., 105 AD2d 236, 239 [2d Dept 1984]; *Fowler v American Lawyer Media*, 306 AD2d 113, 113 [1st Dept 2003]; *Sheriff v Murray*, 33 AD3d 688 [2d Dept 2006]). When the allegations in a complaint are vague or conclusory, dismissal for failure to state a cause of action is warranted (*see Schuckman Realty v Marine Midland Bank, N.A.*, 244 AD2d 400, 401 [2d Dept 1997]; *O'Riordan v Suffolk Ch., Local No. 852, Civ. Serv. Empls. Assn.*, 95 AD2d 800, 800 [2d Dept 1983]).

To hold the City liable for injuries resulting from an allegedly defective condition, a plaintiff must demonstrate that the City has received prior written notice of the subject condition (*see* New York City Administrative Code §7-201; *Amabile v City of Buffalo*, 93 NY2d 471 [1999]). The only exceptions to the prior written notice requirement are where the municipality itself created the defect through an affirmative act of negligence or where the defect resulted from a special use by the municipality (*see Yarborough v City of New York*, 10 NY3d 726 [2008]); *Amabile*, 93 NY2d 471, *supra*).

Section 7-210 of the New York City Administrative Code provides that "[i]t shall be the duty of the owner of real property abutting any sidewalk, including, but not limited to, the intersection quadrant for corner property, to maintain such sidewalk in a reasonably safe condition" (New York City Administrative Code §7-210[a]). Section 7-210 further establishes liability "for any ... personal injury ... proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition" (New York City Administrative Code § 7-210[b]).

A defendant seeking dismissal based on a trivial defect must demonstrate that "the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risk it poses" (*Hutchinson v. Sheridan Hill House Corp.*, 26 NY3d 66, 79 [2015]). The court must look at the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (*Trincere v. County of Suffolk*, 90 NY2d 976, 978 [1997] [internal citation omitted]).

Likewise, a defendant moving for summary judgment on the issue of notice must demonstrate that it did not create or have actual or constructive notice of the dangerous condition (*see Briggs v. Pick Quick Foods*, Inc., 103 AD3d 526 [1st Dept 2013]). "A defendant demonstrates

**161009/2017  LIK, SERVETA vs. CITY OF NEW YORK**
**Motion No.  004 005 006**

**Page 4 of 10**

4 of 10

lack of constructive notice by producing evidence of its maintenance activities on the day of the accident, and specifically that the dangerous condition did not exist when the area was last inspected or cleaned before plaintiff fell" (*Ross v. Betty G. Reader Revocable Tr*ust, 86 AD3d 419 [1st Dept 2011]; *Sada v. August Wilson Theater*, 140 AD3d 574 [1st Dept 2016]).

### *GCP's Motion*

Here, GCP failed to establish, prima facie, that it neither created the alleged defect nor had actual or constructive notice of it, or that the defect was trivial. GCP claims, erroneously, that the rise of the edge between the two tiles in question was a quarter of an inch, which does not require any actionable repairs because it is not considered a tripping hazard or a substantial defect by modern Building Codes and Industry standards. Contrary to this assertion, in *Trincere v. County of Suffolk*, 90 NY2d 976 (1997), the Court held that "there is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable"(*id*. at 977), and therefore that granting summary judgment to a defendant "based exclusively on the dimension[s] of the ... defect is unacceptable" (*id*. at 977–978). The plaintiff in *Trincere* tripped over a concrete paving slab, raised about a half inch in relation to the surrounding slabs in a plaza, and the lower courts dismissed her complaint, ruling the defect trivial as a matter of law. The Court held that courts must consider "all the facts and circumstances presented" (*id*. at 977) before concluding that no issue of fact exists, and emphasized that these factors will include, but should not be limited to, "the dimension[s] of the defect at issue" (*id*.). For this reason, the Court noted that "whether a dangerous or defective condition exists on the property of another so as to create liability ... is generally a question of fact for the jury" (*id*.).

The Court in *Trincere* acknowledged the doctrine that a defect claimed to have caused harm to a pedestrian may be deemed trivial as a matter of law, but required that a determination of triviality be grounded in all the specific facts and circumstances of the case, rather than mere size alone. *Trincere*, along with the series of cases that have followed it, establishes the principle that even a minor disparity in height or other physically insignificant flaw is actionable if its inherent characteristics or the surrounding conditions amplify the hazards it presents, thereby unreasonably endangering the safety of a pedestrian (*Wilson v. Jaybro Realty & Dev. Co.,* 289 NY 410, 412, [1943]).

In this case, GCP's expert engineer affirmed that upon measuring the rise of the edge between the two tiles in question, the height amounted to a quarter of an inch. This condition, deemed insignificant and not requiring any actionable repairs according to modern Building Codes and Industry Standards, does not, by itself, establish a prima facie showing when considered within the context of surrounding circumstances. The incident involving Plaintiff occurred late at night during winter when visibility was poor, compounded by the presence of scaffolding, further exacerbating the situation. Additionally, the accident took place at a corner where it's reasonable for a pedestrian to cross the street, as described by Plaintiff. Plaintiff testified that the defect extended into the sloping area of the sidewalk toward the street, measuring three quarters of an inch, and that the tile was loose, worsening the hazardous condition. Dominique Francis ("Francis"), a witness from the Department of Transportation ("DOT"), concurred that the defect posed a tripping hazard, confirming it as a lip in the sidewalk.

GCP erroneously contends that Francis's testimony should be disregarded. All evidence must initially be considered in a light most favorable to Plaintiff, including that proffered by Francis. Here, Francis's training and duty to note and report defects validate her testimony, irrespective of specific degrees or training requirements. Additionally, GCP's expert measured the area on January 29, 2020, four years after the accident, rendering it uncertain whether the conditions on that date were comparable to those on the date of Plaintiff's accident in 2016. Furthermore, changes such as the removal of scaffolding and possible regrouting due to leaks could have altered the layout or height of tiles in the corner, which GCP's expert failed to address adequately. Moreover, GCP's expert did not confirm whether the tile moved during the 2020 inspection.

Furthermore, GCP's expert reported that the granite tile over which Plaintiff tripped did not have any design defect or jagged edges and was properly installed. However, GCP's expert assertions, including speculation on what caused Plaintiff's fall, remain speculative and conclusory. GCP's expert's suggestion that Plaintiff could have taken alternative routes is irrelevant, as Plaintiff testified to crossing at the corner, a common pedestrian route. Moreover, GCP's expert's dismissal of the alleged height differential as a tripping hazard while speculating about other potential causes is contradictory. GCP's expert annexed Google images from June 2016, clearly depicting the defect. Lastly, the determination of whether a defect is trivial does not solely rely on Department of Transportation rules but considers the totality of circumstances, as established by caselaw (*see Gotay v. New York City Housing Authority*, 127 AD3d 693 [2d Dept. 2015]). Thus, GCP has failed to demonstrate prima facie that the alleged defect was trivial.

Similarly, GCP has not shown that it lacked notice of the condition. Google images from June 2016 show the defect existed at least six months before the plaintiff's fall, and GCP's personnel patrolled the area daily, reporting hazardous conditions. However, GCP failed to provide evidence regarding the last inspection or maintenance of the area before Plaintiff's fall, as required by precedent (*Abraham v. Dutch Broadway*, 192 AD3d 550 [1st Dept 2021]). Consequently, GCP has failed to establish prima facie that it lacked constructive notice of the defect, thus failing to justify summary judgment.

Even if GCP had made a prima facie showing, triable issues of fact persist regarding the triviality of the defect and GCP's constructive notice. The Google images from June 2016 and Plaintiff's testimony suggest the defect existed well before Plaintiff's fall, raising doubts about GCP's ability to timely address it through ordinary care (*see Denyssenko v. Plaza Realty Serv., Inc.*, 8 AD3d 207 [1st Dept 2004]; *see also129 Argenio v. Metropolitan Transp. Auth.*, 277 AD2d 165, 166 [1st Dept 2000]). Indeed, a jury could infer from the Google images and testimony cited that the defective condition existed for such a length of time for GCP to have discovered it and had time to repair it (*Flanders v Sedgwick Ave. Assoc., LLC*, 156 AD3d 504 [1st Dept 2017]). Under these circumstances, GCP's expert affidavit, which this court has considered, does not alter the outcome.

Accordingly, GCP's motion for summary judgment is denied.

***The City's Motion***

**161009/2017   LIK, SERVETA vs. CITY OF NEW YORK**
**Motion No.  004 005 006**                                                        **Page 6 of 10**

6 of 10

As a threshold matter, Plaintiff's cross-motion to amend her complaint is granted. While the original complaint failed to allege that the City had prior written notice, it sufficiently pled the City's actual notice of the condition such that amendment sought here is permissible (*see Cruzado v City of New York*, 80 AD3d 537, 538 [1st Dept 2011]).

The City incorrectly conflates the requirements for a sufficient notice of claim, pursuant to GML §50-e, with the standard for a complaint to state a cognizable cause of action. The purpose of a notice of claim "...is to provide a municipality with sufficient information to enable it to promptly investigate the claim and ascertain its potential exposure to liability" (*Williams v City of New York*, 153 AD3d 1301, 1304 [2d Dept 2017], *citing Brown v City of New York*, 95 NY2d 389, 393-394 [2000]). Pursuant to GML §50-e, "...in determining compliance with the requirements of General Municipal Law §50-e, courts should focus on the purpose served by a [n]otice of [c]laim: whether based on the claimant's description municipal authorities can locate the place, fix the time and understand the nature of the accident" (*Brown*, 95 NY2d at 393, *supra*).

Here, Plaintiff's Amended Complaint does allege that the City had actual notice of the defective condition for fifteen days prior to December 30, 2016. As the notice of claim identifies the location of the accident, the date and time of the accident, and the nature of the accident, the notice of claim properly enables the City to investigate and evaluate the merit of Plaintiff's claim. Therefore, the notice of claim is sufficiently pled. The fact that Plaintiff explicitly pleads that the City had prior written notice of the subject condition distinguishes this case from the cases cited by the City in support of dismissal of the complaint – namely, *Kales v City of New York*, 169 AD3d 585 (1st Dept 2019) and *Perez v City of New York*, 193 AD3d 432 (1st Dept 2021). In both *Kales* and *Perez*, the plaintiffs failed to allege that the City had prior written notice of the claimed defects in the complaints. In those cases, plaintiffs did not make the City aware of their theory of liability, unlike here, where the City has been notified as to the claim of prior written notice through the complaint (*see Kales*, 169 AD3d at 585, *supra*; *Perez*, 193 AD3d at 433, *supra*). Therefore, Plaintiff's notice of claim and complaint are sufficiently pled, and the City's motion to dismiss is denied.

In addition, this court has the discretion to grant leave to correct a mistake in a notice of claim at any stage of any action if the mistake, omission, irregularity or defect in the original notice was made in good faith and the municipality has not been prejudiced (*see* GML § 50-e(6); *see also Lomax v New York City Health & Hosps Corp*, 262 AD2d 2, 3 [1st Dept 1999]). Generally, a party cannot amend the notice of claim to add new theories of liability after the expiration of the statute of limitations (*see Cruzado v City of New York*, 80 AD3d 537, 538 [1st Dept 2011]).

Here, the court finds it appropriate to exercise its discretion pursuant to GML §50-e(6) to grant Plaintiff leave to amend the notice of claim. Where the notice of claim sounds in negligence and alleges that Plaintiff suffered personal injuries, as here, "...alleging that defendant was negligent by causing or creating the subject condition is not...the addition of a new theory of liability. The proposed amendments to the notice of claim do not change the location or type of defect alleged in the original notice of claim" (*Haunss v City of New York*, 100 AD 3d 428, 429 [1st Dept 2012]; *see also Mullen v City of New York*, 68 Misc 3d 1210(A), *3 [Sup Ct, NY County 2020, Ramseur, J.]). Additionally, the City has not sufficiently alleged any prejudice or surprise caused by the proposed amendment to the notice of claim, and the court finds none. Accordingly,

**161009/2017   LIK, SERVETA vs. CITY OF NEW YORK**                    **Page 7 of 10**
**Motion No.  004 005 006**

7 of 10

for the reasons set forth above, Plaintiff's cross-motion to amend Plaintiff's notice of claim is granted. While new theories of liability are generally not permitted after the expiration of the statute of limitations, prior written notice is not a new theory of liability where, as here, prior pleadings – in this case Plaintiff's Amended Complaint--pled actual notice (*Cruzado v City of New York*, 80 AD3d at 538, *supra* [no prejudice or surprise where notice of claim, complaint, and bill of particulars alleged actual notice]). Contrary to the City's claim, prior written notice does not need to be alleged in both the complaint and the notice of claim (*Figueroa v City of New Yor*k, 2023 NY Slip Op 32818[U], 3 [Sup Ct, NY County 2023] *citing Perez v City of New York*, 193 AD3d 432 [1st Dept 2021]). Accordingly, Plaintiff's cross-motion to amend is granted and the City's motion to dismiss the complaint based upon plaintiff's failure to plead prior written notice is denied.

Next, court turns to the City's motion for summary judgment. Generally, "the awareness of one defect in the area is insufficient to constitute notice of a different particular defect which caused the accident" (*Mullen v City of New York*, 68 Misc 3d 1210(A) [Sup Ct 2020] citing *Vargas v City of New York*, 172 AD3d 552, 553 [1st Dept 2019] and *Jagopat v City of New York*, 110 AD3d 507, 508 [1st Dept 2013]).

Here, the City has established, through the Allison Boles affidavit and the DOT records attached thereto, that it did not receive prior written notice of the defective condition as required by Administrative Code § 7-201 (*see Gray v City of New York*, 195 AD3d 538, 538 [1st Dept 2021]). To be sure, none of the results of the DOT's searches, permits, inspections and Big Apple Map, constitute prior written of the subject defect (*see Bolanos v. City of New York*, 29 AD3d 455, 456 [1st Dept 2006][permits issued by the City do not establish that the City had "prior actual or written notice of a dangerous condition in the roadway where plaintiff was injured*"]; Belmonte v. Metro Life Ins. Co*., 759 NYS2d 38 [1st Dept 2003]). The City even provided an additional DOT records search for copies of complaints, in-house permits, inspections, maintenance and repair records, and Citywide Concrete Unit gangsheets pertaining to the pedestrian ramp on the southeast corner of Madison Avenue and East 41st Street for two years prior to and including the date of incident. This additional search revealed the following records: one (1) 311 complaint; zero (0) Citywide Concrete Permits; one (1) pedestrian ramp inspection on 09/02/2015; zero (0) roadway repair and maintenance records; and zero (0) Citywide Concrete gangsheets. As previously alluded to Francis, a former DOT employee, testified at her deposition that she personally performed the inspection of the pedestrian ramp located on the southeast corner of Madison Avenue and 41st Street on September 2, 2015 as noted in the DOT search. Francis further confirmed that her report bears the notation "Defective_cor_quad Yes" as referenced by this court in its February 16, 2021 order. Francis confirmed that she was looking at the corner that was in front of 295 Madison Avenue when she performed her inspection on September 2, 2015, and that the pedestrian ramp was made of pink granite. She further testified that the types of things she considered defects in pedestrian ramps were "cracks," and testified that the photograph she took when she performed her inspection shows a crack. With Francis' guidance, plaintiff's counsel placed an "X" on the photograph that Ms. Francis took that identified the crack to which Ms. Francis testified. Importantly, Francis described the marked defect as a "square that has a crack straight diagonal through it." Francis also testified that the area inside the circled photo marked at Plaintiff's deposition on May 17, 2019 was not the defect she reported at her inspection on September 2, 2015. Consequently, it is axiomatic here that the City has shown that it did not have prior written

161009/2017   LIK, SERVETA vs. CITY OF NEW YORK
Motion No.  004 005 006

Page 8 of 10

[* 8]

notice for the *specific defect* claimed by Plaintiff even if there may have been a similar condition at the location at issue (*see D'Onofrio v. City of New York*, 11 NY3d 581 [2008]).

Accordingly, the burden shifts to Plaintiff to submit evidence in admissible form that raises a question of fact as to whether the City had prior written notice or, failing that, "demonstrate[s] the applicability of one of two recognized exceptions to the rule--that the [City] affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (*Yarborough v City of New York*, 10 NY3d 726, 728 [2008]). Here, Plaintiff has failed to carry her burden. The work permits cited by Plaintiff do not, in and of themselves, establish prior written notice (*Haulsey v City of New York*, 123 AD3d 606, 607 [1st Dept 2014] *citing Kapilevich v City of New York*, 103 AD3d 548 [1st Dept 2013]). Neither can they constitute a prior written acknowledgement (*see id.* ["defendant's contention that ... permits issued to Consolidated Edison, and repair orders ... regarding potholes in the vicinity of the accident 19 months earlier satisfied the "written acknowledgment" alternative under Administrative Code § 7-201(c)(2), is unavailing"]). Moreover, Francis's testimony confirms that the City did not have prior written notice for the specific defect claimed by Plaintiff (*see Stoller v City of New York*, 126 AD3d 452, 452 [1st Dept 2015]). Finally, Plaintiff has also failed to demonstrate the applicability of an exception to the prior written notice rule. The record contains no evidence to suggest that the City affirmatively caused or created the defect through its own negligence (*see Dunn v City of New York*, 206 AD3d 403, 403--404 [1st Dept 2022]; *see also Arzeno v City of New York*, 128 AD3d 527, 528 [1st Dept 2015], *lv denied* 26 NY3d 914 [2015]). Consequently, the City's motion for summary judgment is granted, thus obviating this court's need to address the separate prong of the City's motion relating to contractual/common law indemnification.

***Defendant Owners' Motion***

Finally, Defendant Owners' motion for summary judgment is granted and Plaintiff's complaint dismissed, along with all other claims and cross-claims asserted against Defendant Owners, with prejudice, because Defendant Owners have established, by the relevant testimony cited, that Plaintiff's fall was caused by an alleged defective condition located within the pedestrian ramp portion of the sidewalk which was constructed, owned and maintained by GCP at the time of the alleged fall, not Defendant Owners. Indeed, Defendant Owners established, prima facie, that Defendant Owners had no responsibility for the repair, maintenance, or upkeep of the pedestrian ramp. Indeed, as highlighted above, §7-210 of the Administrative Code of the City of New York does not impose tort liability on abutting landowners in derogation of the common law for failure to maintain or repair pedestrian ramps. Moreover, Defendant Owners evidence established that because Defendant Owners did not create the alleged defective condition nor cause it through some special use, they cannot be found liable as a matter of law for Plaintiff's injuries in this case.

Plaintiff does not rebut Defendant Owners' prima facie showing, and instead simply premised opposition to that portion of the motion regarding costs and disbursements. Accordingly, Defendant Owners' motion for summary judgment is granted and Plaintiff's complaint dismissed, along with all other claims and crossclaims asserted against Defendant Owners, with prejudice.

Based on the foregoing, it is hereby

**161009/2017   LIK, SERVETA vs. CITY OF NEW YORK**
**Motion No.  004 005 006**

**Page 9 of 10**

9 of 10

ORDERED that GCP's motion for summary judgment pursuant to CPLR §3212 (Motion Seq. 004) is denied in its entirety; and it is further

ORDERED that Plaintiff's cross-motion to preclude GCP's expert evidence (Motion Seq. 004) is denied; and it is further

ORDERED that the City of New York's motion to dismiss, pursuant to CPLR §3211 (a)(7) (Motion Seq. 005), is denied; and it is further

ORDERED that the City of New York's motion for summary judgment pursuant to CPLR §3212 (Motion Seq. 005) is granted and the complaint and all cross-claims against it are dismissed; and it is further

ORDERED that plaintiff's cross-motion to amend (Motion Seq. 005) is granted only as to allowing leave to permit the correction to Plaintiff's notice of claim, and the second Amended Complaint in the form annexed to its cross-motion (NYSCEF Doc. No. 245) is deemed timely filed and served, *nunc pro tunc*; and it is further

ORDERED that Defendant Owners' motion for summary judgment pursuant to CPLR §3212 (Motion Seq. 006) is granted and the complaint and all cross-claims against Defendant Owners are dismissed; and it is further

ORDERED that within thirty days from entry of this order, counsel for the City of New York and Defendant Owners shall serve a copy of this decision and order, with notice of entry, on the Clerk of the Court (60 Centre St., Room 141B) and the Clerk of the General Clerk's Office (60 Centre St., Rm. 119) who are directed to enter judgment accordingly; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on this court's website at the address www.nycourts.gov/supctmanh); and it is further

ORDERED that Index No. 596017/2021 is dismissed as moot; and it is further

ORDERED that since the City of New York is no longer a party to this action, the Clerk of the Court shall reassign this action (Index No. 161009/2017) to the inventory of a non-City Part.

This constitutes the decision and order of the court.

**4/23/2024**
**DATE**

NASA A. KINGO, J.S.C.

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | X | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**161009/2017  LIK, SERVETA vs. CITY OF NEW YORK**
**Motion No.  004 005 006**

Page 10 of 10

[* 10]